[S. F. No. 567.     Department One.—April 3, 1897.]

ISAAC M. RUTAN, RESPONDENT, v. HENRY WOL-
TERS ET AL., APPELLANTS.

CONVERSION—COMPLAINT—AMBIGUITY—APPEAL—SUPPORT OF JUDGMENT—
SUFFICIENCY OF PROOF PRESUMED.—A complaint for the conversion of
personal property which alleges that the plaintiff was "heretofore" the
owner of the property, and that defendants "within two years last
past" took possession and control of the property without the consent
of the plaintiff, and converted the same to their own use and benefit, to
plaintiff's damage in a specified sum, though open to a demurrer for
ambiguity in not alleging the precise time at which plaintiff was the
owner, or at which the defendant took or converted the property, may
be construed as including in the word "heretofore" the time of
the conversion of the property, and sufficiently states a cause of action
to support the judgment upon appeal therefrom; and, as after judg-
ment every intendment is to be made in support thereof, it must be as-
sumed upon such appeal that the proofs made at the trial were sufficient
to justify the verdict and judgment for plaintiff.

ID.—JUDGMENT AGAINST SHERIFF AND ASSIGNEE OF INSOLVENT.—Where a
sheriff and the assignee of insolvent debtors are sued for the conver-
sion of personal property both in their official capacity and as individ-
ual defendants, a judgment against the former by name, followed by
the descriptive words, "sheriff of the city and county of San Fran-
cisco," is against him as an individual, notwithstanding the descriptive
words, and where the judgment is against the other defendant "as as-
signee in insolvency" of the insolvent, it is not against the estate of
the insolvent, nor is it for him to complain that the judgment is against
him in his representative capacity, and the question whether he shall
be reimbursed from the estate of the insolvent, if he satisfies the judg-
ment out of his own property, is to be determined by the court in
which he was appointed assignee.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco. A. A. SANDER-
SON, Judge.

The facts are stated in the opinion of the court.

*Dorn & Dorn*, and *Dunne & McPike*, for Appellants.

*R. H. Countryman*, for Respondent.

HARRISON, J.—1. The complaint herein sufficiently
states a cause of action. It alleges that the plaintiff was
"heretofore" the owner and entitled to the immediate
possession of certain personal property, and that the

defendants, "within two years last past," took possession and control of the property without the consent of the plaintiff, and converted the same to their own use and benefit, to the damage of plaintiff in the sum of sixteen hundred and nineteen dollars. The complaint does not allege the precise time at which the plaintiff was the owner, or at which the defendants took or converted the property, and was open to a demurrer for ambiguity in this respect. No such demurrer was filed, but the cause was tried before a jury upon the answer of the defendants denying the allegations of the complaint, and a verdict thereon was rendered in favor of the plaintiff. It is as consistent with the averments in the complaint to hold that the "heretofore" therein named included the time at which it is alleged that the defendants converted the property, as that it was prior thereto; and, as after judgment, every intendment is to be made in support thereof, it must be assumed that the proofs at the trial were sufficient to justify the verdict.

2. Two of the defendants named in the caption to the complaint are "Leopold Cassell, as assignee in insolvency of the St. Helena Wine Company, an insolvent debtor," and "C. S. Laumeister, as sheriff of the city and county of San Francisco." These persons are also named individually in the caption as defendants in the action, and the conversion of the property is alleged to have been by "the said defendants." The answers were filed in their behalf both as individuals, and in the capacity in which they were sued. The judgment rendered is that the plaintiff "do have and recover from C. S. Laumeister, sheriff of the city and county of San Francisco, state of California, and L. Cassell, as assignee in insolvency of the St. Helena Wine Company, an insolvent debtor, two of the defendants, the sum of thirteen hundred and eighty-nine dollars." It is contended by the appellants that Cassell could not commit a tort in his capacity as assignee of an insolvent debtor, and that the judgment against him in his representative capacity for the conversion of the property was erroneous.

The judgment, however, is not against the estate of the insolvent, but is against Cassell "as assignee," and, as the verdict implies that the jury found that he converted the property to his own use, it is not for him to complain that the judgment is against him in his representative capacity. Whether he shall be reimbursed from the estate of the insolvent, in case he satisfies the judgment out of his own property, will be determined by the court which appointed him the assignee. The judgment against Laumeister is against him as an individual, notwithstanding the addition of the words "sheriff of the city and county of San Francisco."

The judgment is affirmed.

VAN FLEET, J., and BEATTY, C. J., concurred.