[S. F. No. 1908.  Department Two.—November 6, 1899.]

McKEE STAIR BUILDING COMPANY, Respondent, v. HENRY S. MARTIN, Sheriff, Appellant.

Sale of Business—Absence of Delivery and Change of Possession.— Where a mechanic, who has for many years conducted an established business at a particular place, sells such business and the personal property used therein to a corporation formed solely of himself and members of his family, and thereafter the business is continued to be carried on by him and the same employees, with the same property, at the same place, and substantially in the same way as before the sale, only a slight change in the business sign being made, such transfer, so far as the personal property is concerned, is void as to his creditors for want of a delivery and a change of possession.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.    Edward A. Belcher, Judge.

The facts are stated in the opinion.

Alexander & Gardner, for Appellant.

J. W. Carter, for Respondent.

GRAY, C.—This action was brought to enjoin the defendant

from selling, as sheriff, certain personal property, alleged to belong to plaintiff, under an execution issued against the property of one John McKee. The defendant justified under said execution, and alleged that the property in question belonged to said John McKee at the time it was seized by defendant. The case was tried without a jury, plaintiff had judgment, and the defendant appeals from the same and from an order denying his motion for a new trial.

It is admitted that John McKee was the owner of the property for years, but respondent contends that it owns the property by virtue of a sale of the same by John McKee to it, which sale is evidenced by a bill of sale dated April 27, 1898, and introduced in evidence by plaintiff at the trial of the case. Appellant contends that such sale was void as to creditors of John McKee, under the provisions of section 3440 of the Civil Code, because the same was not accompanied by an immediate or any delivery nor followed by an actual and continued change of possession. This is the only question discussed on this appeal. The evidence on this question is as follows: For at least nine years prior to the sale John McKee had carried on the business of stair builder at a certain place in San Francisco, and had at that place been in possession of and using said personal property in carrying on said business. He also had in his employ in said business his three sons. His son Thomas W. had been his foreman during said nine years. Annie McKee, the daughter of John McKee, held a chattel mortgage against the property, which she had acquired by purchase from Blythe & Trott, to whom John McKee had previously executed it to secure the payment of five hundred dollars. In reference to this mortgage Annie consulted a lawyer, and he advised her to incorporate a company and purchase the property from her father, as she might in that way be able to get her money out of it. She then had the plaintiff corporation formed, the stockholders in said corporation consisting, exclusively, of herself, her father, her sister, and her said three brothers. After the alleged sale to the corporation, the father and the three brothers continued, down to the time of the levy of the execution, to carry on the business with this same property, at the same place and in the same way as before such sale, the son Thomas still acting

as foreman; the only difference being that before such sale the "father went out and figured upon work and made bids for it, and told the foreman what to do," after the sale the father was under the orders of the foreman, receiving as his compensation from the corporation fifty dollars per month as wages, and the foreman did the figuring and bidding and looked after the work, and also acted as manager.   Prior to the sale there was a sign on the building, where the property was located and the business carried on, in the following language: "John McKee, Stair Builder."   After the transfer John McKee removed his name from the sign, leaving it simply "Stair Builder."   It would seem from this evidence that there was no delivery of the property to the vendee, and that the possession of the personal property here in controversy, leaving out of consideration the business of the concern, remained after the sale in the same persons that it had previously rested in.   A person familiar with the business and the use of the premises and personal property thereon, prior to the sale, on visiting it subsequently could have seen nothing evidencing a change of ownership or a change of possession; even the change in the sign, unexplained, would have been meaningless to him.

It has been held a great many times in this state that to make a sale of personal property good as against the creditors of the vendor, and to avoid the presumption of fraud denounced in section 3440 of the Civil Code, there must be a visible and apparent change of the custody of the property such as to give evidence to the world of the claims of the new owner.   We cite one case: *Hesthal v. Myles,* 53 Cal. 623.

We advise that the judgment and order be reversed.

Haynes, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed.

McFarland, J., Henshaw, J., Temple, J.

Hearing in Bank denied.