[Sac. No. 625. Department One.—October 27, 1900.]

CYRUS NEWLOVE et al., Respondents, v. W. R. POND et al., Appellants.

ACTION FOR CONVERSION—FINDING OF OWNERSHIP.—In an action for damages for the conversion of grain, a finding that on the first day of a certain month the plaintiffs were the owners of and entitled to the possession of the grain, and that "while the said grain was so the property of the plaintiffs" the defendants, between said date and the first day of the next month, wrongfully took said grain and converted it to their own use, sufficiently shows that at the time of the conversion the grain was the property of the plaintiff.

ID.—LEGAL PRESUMPTION — CONTINUANCE OF OWNERSHIP.—It is a legal presumption that the ownership specifically found on the day named, in the absence of any finding to the contrary, continued up to the time of the conversion.

ID.—LEASE FROM AGENT—TERMINATION OF AGENCY—NOTICE FROM OWNER —UNAUTHORIZED DELIVERY OF GRAIN AS RENTAL.—The right and obligation of tenants to deliver grain as rental to an agent of the plaintiff from whom the premises were leased, is terminated by a notice from the owners that the agency had ceased, and that the tenants were forbidden to deliver any

grain as rental to such former agent; and upon a subsequent delivery of part thereof to him, the tenants and the former agent are liable to the owners for a conversion of the grain so delivered.

APPEAL from a judgment of the Superior Court of Yolo County. Frank Moody, Judge presiding.

The facts are stated in the opinion of the court.

Seth Millington, for Appellants.

R. Clark, and Hudson Grant, for Respondents.

VAN DYKE, J.—This was an action for damages for the conversion of certain barley and wheat situated at the time of the alleged conversion on the plaintiffs' ranch in Glenn county. In addition to the denials of the allegations of the complaint defendants Whyler Brothers set up specially that prior to July, 1896, they were lessees of the land, on which the grain was grown, from defendant Speck, as agent of the owners of the land, paying a portion of the crops as rent, and that the grain in question was delivered by them to Speck without notice that his agency had ceased. Judgment went for the plaintiffs, from which defendants appeal on the judgment-roll.

It is alleged on behalf of the appellants that although the court finds that plaintiffs were the owners of the wheat and barley in sacks on July 1, 1896, it does not find that they were such owners at the time of the alleged conversion.

The findings are that "on or about the first day of July, 1896, the plaintiffs were the owners and entitled to the possession of six hundred and eighty-one sacks of barley, averaging one hundred and ten pounds to the sack, aggregating seventy-four thousand nine hundred and ten pounds. That at said time all of said grain was situated upon plaintiffs' ranch in Glenn county, state of California. That while the said grain was so the said property of the plaintiffs, and between the first day of July, 1896, and the first day of August, 1896, the defendants W. R. Pond and N. K. Speck wrongfully and without plaintiffs' consent took and converted to their own use six hundred and thirteen sacks of said barley, worth, at

the date of the conversion, fifty cents per cental, amounting to three hundred and thirty-seven dollars and fifteen cents. That between the dates last aforesaid the defendants W. R. Pond and N. K. Speck and Whyler Brothers wrongfully and without plaintiffs' consent took and converted to their· own use sixty-eight sacks of the said barley, worth at the date of the conversion, fifty cents per cental, amounting to thirty-seven dollars and forty cents, and the whole of said wheat, to wit, three hundred and twenty-five sacks, worth, at the date of conversion, eighty cents per cental, amounting to three hundred and fifty-one dollars."

Bearing upon the special defense set up by defendants Whyler Brothers, it is further found that "prior to the delivery of the six hundred and thirteen sacks of barley, above found to have been converted by defendants Pond and Speck, the defendants Whyler Brothers had no notice that their said rent was to be delivered to any other person than to said N. K. Speck, but before the delivery of the sixty-eight sacks of barley and three hundred and twenty-five sacks of wheat to said defendants Pond and Speck they, the said Whyler Brothers, were duly notified by plaintiff not to deliver the same, or any part thereof, to their codefendants, Pond and Speck, but in disregard of said notice they delivered said sixty-eight sacks of barley, worth as aforesaid thirty-seven dollars and forty cents, and the three hundred and twenty-five sacks of wheat, worth as aforesaid three hundred and fifty-one dollars, to the said Pond and Speck." We think it sufficiently appears from the findings that at the time of the conversion the grain was the property of the plaintiffs. It is found that the plaintiffs were the owners upon the first day of July, 1896, and that between that date and the first day of August, and "while the said grain was so the property of the plaintiffs," it was converted. It is a legal presumption, in the absence of any finding to the contrary, that the ownership continued up to the time of the conversion. (Code Civ. Proc., sec. 963, subd. 32.) Although there does not appear to be a finding in reference to the wheat, it seems to be admitted by the appellants' attorney that the findings as to the wheat are the same as those as to the barley, and the omission thereof may

have occurred in the printing. The contention that the obligation on the part of the defendants Whyler Brothers to deliver the grain to Speck was not terminated is answered by the finding that the rent was to be paid to Speck only as agent, and that the grain for which such defendants were held responsible was delivered after notice of the termination of the agency, and forbidding them to pay the same over to Speck.

Judgment affirmed.

Harrison, J., and Garoutte, J., concurred.