[L. A. No. 1195. Department Two.—March 11, 1904.]

## VERONA A. HUNT, Respondent, v. W. A. HAMMEL, Sheriff, etc., Appellant.

CONVERSION OF PERSONAL PROPERTY—PLEADING—OWNERSHIP AND POSSESSION.—In an action for the conversion of personal property, an averment that the plaintiff was the owner and in possession of the property on the day of the wrongful taking and conversion, in effect, though not in terms, alleges ownership and the right to possession at the commencement of the action; but, assuming the contrary, the latter allegation is not essential in an action for conversion. The complaint must be regarded as referring to ownership on the whole day of the taking, or to the day as a point of time, and it was not necessary to specify any hour or minute of the day alleged as the date of ownership and of the taking.

ID.—FINDINGS—SUFFICIENCY OF EVIDENCE—BONA FIDE TRANSFER.—
Where there is evidence tending to sustain each and all of the facts
found, and there is nothing in the evidence that leads the court to
suspect that the transfer to the plaintiff assailed as fraudulent was
otherwise than *bona fide,* and there was abundant evidence to show
that there was an immediate delivery and actual and continued
change of possession, the findings in favor of the plaintiff will not
be disturbed upon appeal.

ID. — OMISSION IN FINDINGS — DEMAND UPON SHERIFF — IMMATERIAL
VARIANCE.—An omission in the findings upon an averment of a de-
mand by plaintiff upon the sheriff is not material where there is
no attempted denial of the allegation; and where it appears affirma-
tively by the defendant's answer that any kind of a demand would
be unavailing, an immaterial variance in proof relative to the de-
mand introduced in evidence will not affect the case.

ID.—OMISSIONS RENDERED IMMATERIAL.—Omissions in the findings as
to matters rendered immaterial by the finding as to plaintiff's own-
ership are not ground for reversal.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order denying a new trial.
D. K. Trask, Judge.

The facts are stated in the opinion.

P. W. Dooner, and H. W. O'Melveny, for Appellant.

Cochran & Williams, and Herbert J. Goudge, for Re-
spondent.

SMITH, C.—The defendant here appeals from a judgment
for the plaintiff and from an order denying his motion for a
new trial. The suit was brought for the conversion of a cer-
tain stock of goods and some fixtures used by the plaintiff in
her millinery business, of the value of $2,750, of which it is
alleged that on the fifth day of March, 1900, plaintiff was the
owner and in possession, and that "on said date the defendants
wrongfully took the said goods and converted them to their
own use." The property was taken by the defendant Hammel
under attachment in favor of the other defendants against
John F. and Mary C. Hunt (parents of the plaintiff), who,
it is alleged in the answer, were at the time of the taking
the owners and in possession of the property. The suit was
dismissed as to the defendant executors before trial. It is

found by the court that at the time of the taking the plaintiff was the owner and in possession of the property in controversy, and, more specifically, that part of the goods in question, of the value of $360.65, 'were acquired by the plaintiff on the twenty-third day of February, 1899, from John F. and Mary Hunt, with immediate delivery, and actual change of possession continued until the time of the taking, and that the remainder of the goods, of the value of $1,639.35, were purchased by the plaintiff from other parties.

The points urged by the appellant for reversal are: Insufficiency of the. complaint; insufficiency of the evidence to justify the findings; failure of the court to find on certain matters; and errors of law specified. These will be considered in the order given.

1. The objection to the complaint is, that it fails to state that the plaintiff was the owner or entitled to possession of the property in question at the time of the commencement of the action. It is in effect so alleged, though not in terms; but, assuming the contrary, the objection is untenable. (2 Saunders on Pleading and Evidence, 1143, 1144; Pomeroy's Code Remedies, sec. 510; 2 Estee's Pleading, 62; *Harris* v. *Smith,* 132 Cal. 317.) The cases cited by appellant's counsel were cases for recovery of possession, and have no application to suits for conversion. (*Byxbee* v. *Dewey,* 128 Cal. 324, and cases cited; *Kelly* v. *McKibben,* 54 Cal. 195.) Nor was it necessary to specify the precise hour or minute of the day alleged as the date of ownership and of the taking. The complaint must be regarded as referring to the whole day, or, as is the same, to the day as a point of time. (Bouvier's Law Dictionary, "Day," "Fraction of a Day"; Abbott's Law Dictionary, "Day," par. (4), p. 341; *Harris* v. *Smith,* 132 Cal. 316; *Rutan* v. *Wolters,* 116 Cal. 403; *Newlove* v. *Pond,* 130 Cal. 342.) It was doubtless so intended by the plaintiff and understood by the defendant.

2. We are of the opinion also that the findings are justified by the evidence. There is in the record evidence tending to show each and all of the facts found; and such being the case, the findings cannot be disturbed. (*Black* v. *Hilliker,* 130 Cal. 192; *Dubois* v. *Spinks,* 114 Cal. 289, and cases cited; *Hickey* v. *Coschina,* 133 Cal. 81.) It will be proper to add, however, —as due to the plaintiff in the case,—that we see nothing in

the evidence to lead us to suspect that the transfer from Mrs. Hunt to her daughter was otherwise than *bona fide.* The business was originally bought by Mr. Hunt in the name of Mrs. Hunt for the benefit of the plaintiff, and with the understanding and agreement that it should be transferred to her upon her working for a year in the store. She performed her part of the contract, and the bill of sale given her in February, 1899, was but the transfer of a title already equitably vested. The circumstances relied on by the appellant as proofs of fraud—such as the retention of the name of Mrs. Hunt on the awnings, her living with the plaintiff, and assisting her in the business, the making of bills in her name by sellers, etc. —were such as might under some circumstances have excited suspicion, but are quite consistent with the theory of innocence, and their effect is in fact more than counterbalanced by the changes made in the signs and other acts of the parties, by the inconsiderable value of the property transferred ($360.65), by the knowledge of the transaction by Mrs. Farney—the particular creditor claimed by the appellant to have been defrauded—and other facts. So, regarding the question of actual fraud as eliminated, the evidence was abundantly sufficient to support the finding that there was immediate delivery and actual and continued change of possession. (*Stevens* v. *Irwin,* 15 Cal. 503;[1] *Hart* v. *Mead,* 84 Cal. 244; *Ross* v. *Sedgwick,* 69 Cal. 247.) This, it will be observed, applies only to the goods transferred by the bill of sale; as to the remainder, they having been afterwards purchased from parties other than Mrs. Hunt, no question can arise.

3. With regard to the sufficiency of the findings, the objections are: That there is no finding on the allegations of plaintiff's demand on the defendant for the goods, or on the allegation of the answer that the goods were seized under attachment, or on the allegation of the complaint that the executors of Mrs. Farney were parties in interest, etc. As to the first of these, it seems that there is no denial, or attempted denial of the allegation. But the point is, that the demand was in fact introduced in evidence, and it is claimed that the statement of plaintiff's title and of the grounds of the same, as required by the provisions of sections 549 and 689 of the Code of Civil Procedure, varies from the account of the matter

[1] 76 Am. Dec. 500.

given by her and her mother in their testimony. But, assuming (for the purposes of the decision) that there is such variance, and that the objection can be considered, we do not think the variance material; nor, were it otherwise, are we prepared to hold that the efficacy of the notice would be affected. Besides, as expressed in *Richey* v. *Haley*, 138 Cal. 444, it appears affirmatively by defendant's answer that "any kind of a demand would have been unavailing." It will be unnecessary, therefore, to consider further the applicability of the section in question; or that of its consistency or inconsistency with the provisions of the constitution, state or federal. As to the other findings complained of, these in view of the finding as to plaintiff's ownership are as to matters manifestly immaterial.

4. The errors complained of are numerous, but none of them of any merit. We do not think it necessary to discuss them in detail.

We advise that the judgment and order appealed from be affirmed.

Chipman, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

                 McFarland, J., Lorigan, J., Henshaw, J.

A rehearing was denied April 11, 1904, upon which Beatty, C. J., delivered the following dissenting opinion:—

BEATTY, C. J.—I dissent from the order denying a rehearing of this cause upon the ground that a state of facts is shown by ample and unconflicting evidence absolutely inconsistent with the claim that there was an immediate delivery of the goods in controversy to plaintiff by her vendor at the time of the alleged sale, or that there was any actual or continued change of possession such as the letter and policy of the statute demand.

The record shows the following state of facts: A millinery business, together with the stock of goods and the premises in which the business was conducted, was transferred to plaintiff's mother. The family, consisting of plaintiff, her mother, a younger brother, and (when in Los Angeles) her father,

took up their residence in the rear portion of the premises; the shop was in front, the fitting-room in the rear of the shop, and the living-rooms back of the fitting-room. The plaintiff and her mother for more than a year took turns in waiting on customers in the shop and fitting-room. In each of two front windows there was a sign bearing the name of the mother; another such sign was painted on the side of the house, and another on the awning in front. In January, 1898, plaintiff's mother and father executed a bill of sale of the business and stock in trade to her. In February, 1899, this bill of sale was acknowledged and some months later recorded; but no change was made in the manner of conducting the business or in the occupancy of the premises. At some indefinite time following the acknowledgment of the bill of sale, three of the signs—the two in the front windows and that on the side of the house—were changed by substituting plaintiff's name for that of her mother. This was from beginning to end the only alteration in the premises. The name on the awning in front of the shop was as before, and at what time the others were changed no one pretends to know, except that it was ''as soon as convenient.'' But this equivocal condition of the signs, if it had existed from the day of the sale,—whenever that was,—would not have been sufficient to satisfy the requirements of the statute of frauds. The mother and daughter continued to conduct the business as before. Every day, according to their own testimony, they were both in the shop, assisting each other in waiting upon customers, and to all outward appearances sustaining the same relation to the business and the stock of goods that they had sustained before. There was evidence that a number of individuals were informed that the business had been transferred from the mother to the daughter; but verbal or written notice that a sale had been made is not equivalent to delivery of possession of the goods sold and has no tendency to prove delivery. That is something which can be proved only by the changed *status* of the property.

I know that there has been a remarkable fluctuation of opinion in this court—as differently constituted at different times—as to what is necessary to constitute a delivery and change of possession on a sale of personalty. Down to and including the decision in *Engles* v. *Marshall,* 19 Cal. 320, the

court held very strictly against the vendee in all cases where he omitted to do everything possible to make the change of ownership manifest to the world. From that time forward, however, the rule was gradually relaxed in a long series of decisions which reduced the law on this point almost to the condition of a dead letter, though there were occasional revivals of the older, and, as I think, the better, doctrine. This condition of fluctuation contined until the decision in *George* v. *Pierce,* 123 Cal. 172, in which the judgment and order of the superior court upholding a transfer as against creditors was reversed on the evidence by a strict application of the old rule of *Engles* v. *Marshall, Stevens* v. *Irwin,* and other like cases. Since then until now that old and strict doctrine has been uniformly enforced in all cases coming to this court, and in at least three other appeals (*McKee etc. Co.* v. *Martin,* 126 Cal. 557; *Lilienthal* v. *Ballou,* 125 Cal. 183; and *O'Kane* v. *Whelan,* 124 Cal. 200 [1]) the finding of the trial court in favor of the vendee has been set aside on a review of the evidence, the principle of all the decisions being, that there must be an open and visible change of the *status* of the property sufficient to make manifest to the world the change of ownership. I think it most unfortunate that there should be any relaxation of this wholesome doctrine. It is always in the power of a vendee to comply with its requirements; and to dispense with its requirements is simply opening the door to innumerable unnecessary controversies and to possible frauds.