[Civ. No. 2361.    Third Appellate District.—December 13, 1921.]

JOSEPH HERSPRING COMPANY (a Corporation), Appellant, v. ELLIS JONES, Respondent.

[1] Fraudulent Conveyance—Bill of Sale to Corporation—Continuance of Possession as President.—Where an owner of personal property organizes a corporation, has himself elected its president, transfers the property to the corporation, and makes no change whatever in the actual custody or control of the property, he cannot by virtue of such facts successfully claim that there was a delivery to the corporation and that his possession became its possession, but the case falls clearly within the provisions of section 3440 of the Civil Code.

[2] Id.—Purpose and Terms of Section 3440, Civil Code—Notice of Transfer by Creditor—Effect of.—The purpose and the terms of section 3440 of the Civil Code are two distinct considerations, and the main reason for requiring an immediate delivery and a continuous change of possession may be to give notice to creditors, but the fact that one who is a creditor at the time of the attempted transfer may otherwise have notice of such transfer does not make it valid as to him when there is no such delivery and change of possession.

APPEAL from a judgment of the Superior Court of Sacramento County.    Peter J. Shields, Judge.    Affirmed.

The facts are stated in the opinion of the court.

Arthur C. Huston and Robert H. Schwab for Appellant.

Aaron Sapiro, Milton D. Sapiro and Lawrence L. Levy for Respondent.

BURNETT, J.—The action was brought to recover possession of an automobile seized by the sheriff of Sacramento County under a writ of execution issued against Joseph Herspring upon a judgment in favor of California Pear Growers' Association.    Prior to August 19, 1919, Joseph Herspring was doing business under the name of Joseph Herspring and Company.    On that day he organized a corporation under the same name, composed of himself, his wife, and his brother, which continued the same business. On August 23, 1919, he executed a bill of sale purporting

to transfer to plaintiff the title to said automobile. At that time said association had a claim against Herspring for goods sold and delivered which was subsequently reduced to judgment, upon which said execution was issued.

At the trial these facts were stipulated: ''At the time of the execution of the bill of sale Joseph Herspring as an individual was the owner and in possession of the Paige car; that at that time the car was kept by Joseph Herspring in his garage and that his garage was located at Joseph Herspring's residence; that ever since that time the car has been kept in Joseph Herspring's garage by him, and that since the time of the transfer he has continued to keep it in the same garage, and that since the time of the transfer he continued to drive it and use it for his own personal use; that since the time of the transfer he was the only one who drove the car; that at the time of the transfer— no transfer was made in the office of the State Automobile Department—there was no registration of any automobile under the name of Joseph Herspring Company; that at no time during the year 1919 was there any transfer made on the records of the Motor Vehicle Department nor was the transfer slip which is provided by the Motor Vehicle Act filled out, and in the year 1920 the registered owner of the car was Joseph Herspring.''

[1] There is a controversy between the parties as to certain other facts, but the foregoing is sufficient to show that the case falls clearly within the provisions of section 3440 of the Civil Code. The stipulation shows that there was no delivery, whatever of the automobile to the corporation and no change of possession. The stipulation that the automobile remained all the time in the possession of the vendor is, of course, entirely inconsistent with the theory that it was for a moment in the possession of anyone else. It can make no difference that the vendor became the president of the corporation. The law cannot be evaded by a device like that. To hold that an owner of personal property may organize a corporation, have himself elected its president, make no change whatever in the actual custody or control of the property, and that, it may then, by virtue of these facts, be successfully claimed that there was a delivery to the corporation and that his possession became its possession, would be to nullify the plain provisions of the statute and

multiply the opportunities for fraud. The language of the law is clear and its purpose is manifest. As is well known to the profession, this section has been considered in many decisions of the higher courts of the state, a few of which have been cited by counsel. It is not necessary to review these authorities as they illustrate an admitted principle and present a somewhat different state of facts from the case before us. We may add, however, two instructive decisions that may well invite consideration: *McKee Stair Building Co.* v. *Martin,* 126 Cal. 557 [58 Pac. 1044], and *Sequeira* v. *Collins,* 153 Cal. 426 [95 Pac. 876]. In the former John McKee had been the owner of the property for years but respondent corporation claimed to have succeeded to his title by virtue of a bill of sale. Appellant relied upon said section 3440 of the Civil Code. For nine years prior to said sale McKee had carried on the business of stair-builder and had used said personal property therein at a certain place in San Francisco. He also had in his employ in said business his three sons, one of whom, Thomas W., had been his foreman during this period. Annie McKee, the daughter, held as assignee of the mortgagee a chattel mortgage for five hundred dollars, against the property. She was advised by an attorney to incorporate a company and purchase the property from her father, so as to get her money out of it. She then had the plaintiff corporation formed, the stockholders being herself, her father, her sister, and her said three brothers. After the alleged sale to the corporation, the father and the three brothers continued down to the time of the levy of the execution to carry on the business with this same property, at the same place and in the same way as before such sale, the son Thomas still acting as foreman; the only difference being that before the sale the "father went out and figured upon work and made bids for it, and told the foreman what to do," but after the sale the foreman did this work and the father was under his orders, receiving the sum of fifty dollars per month. Prior to the sale the sign on the building where the business was carried on was, "John McKee, Stair Builder." After the sale, the name, "John McKee," was removed. After reciting the foregoing facts, the supreme court said: "It would seem from this evidence that there was no delivery of the property to the vendee, and

that the possession of the personal property here in contro-
versy, leaving out of consideration the business of the con-
cern, remained after the sale in the same persons that it
had previously rested in.'' That case was stronger for the
respondent than this for appellant, in that the father, after
the purported sale, was subject to the orders of the fore-
man, who ''did the figuring and bidding and looked after
the work and also acted as manager,'' while before the sale
the father had been in complete control. Herein, Herspring
continued to run the business in the same manner after as
before the purported transfer. It is to be understood, also,
that therein the finding of the lower court was in favor of
the validity of the transfer, while herein the trial court
held that the attempted transfer was void as against credi-
tors. The effect of the decision therein was, therefore,
that only one rational inference could be drawn from the
evidence, that is, that the transfer was invalid; but herein
if there is any ground for a reasonable inference that the
attempted sale was invalid under said section 3440, the
judgment must be affirmed. The fact is, however, that
we are entirely satisfied that no other conclusion than the
one reached would be supported by the evidence.

Some contention is made by appellant that ·respondent
had notice of the sale and therefore the purpose of said
statute was accomplished. The only evidence as to that is
found in the transcript as follows:

''Mr. Schwab: Mr. Sapiro, I want to ask you if it ·is
not a fact that you have known that the corporation was
in existence, known that Joseph Herspring individually
transferred to th corporation all this property at the time
of the meeting in San Francisco, at which you were not
present, at which Mr. Downey was present—

''Mr. Sapiro: All I know—

''Mr. Schwab: That the Pear Growers' Association had
known of this situation all during this time.

''Mr. Sapiro: I cannot say it is a fact.

''Mr. Schwab: I will have to produce Mr. Downey then.

''Mr. Schwab: Q. Is not that the fact, Mr. Herspring?
A. That is a fact.''

It is apparent that Mr. Herspring's statement is a mere
conclusion, but, at any rate, the matter is entirely imma-
terial.

[2] The purpose of the statute and the terms of the statute are two distinct considerations. The main reason for requiring an immediate delivery and a continuous change of possession may be to give notice to creditors, but the fact that one who is a creditor at the *time* of the attempted transfer may otherwise have notice of such transfer does not make it valid as to him when there is no such delivery and change of possession. In the case of one becoming a creditor after such notice the consideration might have some bearing upon the question of estoppel or of good faith, but it is of no significance herein.

Respondent claims that the judgment should be affirmed upon two other grounds, but we see no necessity for discussing them.

The judgment is affirmed.

Hart, J., and Finch, P. J., concurred.