## WEIL *v.* PAUL *et al.*

An instruction which embraces a statement that a witness has testified to certain facts should be refused.

S., a clothing merchant whose goods were under attachment, sold them to W., who procured the release of the attachment, and removed the stock to his, W.'s, cigar store.   Within less than two weeks thereafter, S. was engaged professedly as employé of W. in peddling out the goods and managing their sale at retail, in which condition they were again attached as the property of S. : *held,* that there was no such actual and continued change of possession as was required by the fifteenth section of the Statute of Frauds, and that the goods were therefore liable to the attachment.

Where the vendor of goods is not at the time in possession, the transfer is an "assignment" within the meaning of that term in the fifteenth section of the Statute of Frauds, and an actual and continued change of possession is required equally as in case of a sale by one in possession.

Appeal from the Sixteenth Judicial District.

One Strauss, engaged in the dry goods and clothing business, had his stock of goods attached at the suit of his creditor, and to obtain a release of the attachment sold the stock to the plaintiff, Weil, a cigar merchant, who paid or undertook to pay the attachment debt.   Within a day or two after the sale, plaintiff received the goods from the Sheriff and removed them to his cigar store, where they were placed, some in boxes under the counter and some in a back room.   A few days after, Strauss, under an alleged contract with Weil that the latter should pay him for his services seventy-five dollars per month, went to plaintiff's store and commenced selling the goods and peddling them out at retail.   The management of the sales was left entirely with him, and at times while Weil was absent at San Francisco, Stauss had possession and control of the entire store and business.   In this condition the goods were, under another attachment against Strauss, taken into

possession by the defendant, the Sheriff of the county, as the property of Strauss. The action is by Weil for damages for this taking. A jury trial was had, resulting in a verdict in favor of plaintiff for seven hundred and thirty-three dollars, and judgment rendered accordingly. A motion for new trial was denied, and from this order and the judgment the defendants appeal.

*H. O. Beatty*, for Appellant.

*Tod Robinson* and *W. L. Dudley*, for Respondent.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action against the Sheriff and his sureties on his official bond to recover the value of certain personal property, consisting of dry goods and clothing, which had been taken by Paul, as Sheriff of Calaveras County, under an attachment against one Strauss, from whom the plaintiff had purchased them. It seems that the Sheriff had previously levied upon the same property, under a prior attachment against Strauss, and that while the goods were thus in his possession Strauss sold them to Weil for the purpose of paying off the attachment, and the Sheriff, after the payment of the debt, released the attachment, and Weil took possession, put them away in his cigar and tobacco store, and employed Strauss to sell and peddle them out for him. While they were in this situation another attachment against Strauss was levied on the goods, and Weil brings this suit to recover their value. He recovered judgment in the Court below, and the defendants appeal.

The only statement on appeal in this case is a stipulation, signed by the attorneys of both parties, agreeing that the judgment roll, orders, and instructions given, and refused by the Court, the statement on motion for a new trial, and the stipulation thus signed, "is a true and correct statement on appeal to the Supreme Court, and may be used as such without further certificate or identification." None of these papers contain the grounds of appeal required by Sec. 338 of the Practice Act, the construction of which was settled by this Court in the case of *Barrett* v. *Tewksbury* (15 Cal. 354),

and the respondent now objects that for this reason the statement forms no part of the record, and must therefore be entirely disregarded. We think, however, the agreement of the parties amounts to a waiver of this objection. It would be an injustice to the appellant, if after entering into an agreement of this kind the respondent should be permitted to make such an objection in this Court for the first time.

On the trial the defendants asked the Court to give the following instruction, which was refused, and which they now assign for error: "If the jury believe the evidence of A. Strauss, the plaintiff's witness, that he had the possession of the goods in controversy after the sale to the plaintiff, and was selling and peddling them out, they will find a verdict for defendants." There was no error in refusing to give the instruction in this form, as it included a statement by the Court that the witness had testified to certain facts, and the jury are the proper judges of what a witness has testified to.

It is also insisted that the Court erred in giving the second, third, and fourth instructions asked for by the plaintiff, which are as follows:

"2. A change and continuation of possession of personal property in law is where the vendor loses the actual possession or control of the thing by him sold, and the vendee takes possession and holds the same, and in this case the removal of the goods from Strauss' store to the store of the plaintiff was in law a delivery, and an actual change of possession, and the fact that the vendor, Strauss, after such removal and change of possession was employed by the vendee, and while in his employ sold or peddled some of the goods, does not of itself prove want of continuation of the possession of the vendee.

3. The fact that Strauss sold a portion of the goods after his sale and delivery to the plaintiff, and while in plaintiff's employment, does not of itself constitute a possession in Strauss, such as is contemplated by Sec. 15 of the Statute of Fraudulent Contracts, etc.

4. In sales of personal property all the statute requires is that delivery must be made; that the vendee must take actual posses-

sion; such possession must be open and unequivocal, carrying with it the usual marks and indications of ownership by the vendee; the possession must be continuous—not taken to be surrendered back again—not formal, but substantial; but it need not necessarily continue indefinitely when it is *bona fide* and openly taken and is kept for such a length of time as to give a general advertisement of the standing of the property and the claim to it by the vendee; and in this case, if the jury find from the evidence that these requirements were substantially followed and there was no fraud in fact, the sale is valid and the plaintiff is entitled to recover."

The defendants claim that although there may have been an actual delivery of the goods at the time of the sale to Weil, yet that the evidence shows that there was not " an actual and contin-ued change of possession," within the requirements of the fifteenth section of the Statute of Frauds; that the employment of the vendor to sell the goods, and his actually engaging in the business of selling and peddling them out, within a few weeks after the sale, was the exercise of acts of possession and ownership by the vendor which vitiated the sale. We think that the fact that Strauss soon after the removal and change of possession was employed by the vendee, and while in his employ sold and peddled some of the goods, proves a want of continuation of the possession in the vendee, and the fact that Strauss sold some of the goods after his sale to the plaintiff and while in his employ, did constitute a possession in Strauss, and that the Court erred in instructing the jury to the contrary.

It would be impossible to lay down a fixed rule, applicable to all cases, establishing the length of time a vendee of personal property should continue in the exclusive possession to vest a title beyond the reach of this section of the Statute of Frauds. Each case must necessarily be governed and determined by its own peculiar circum-stances. It is clear, however, that the exclusive possession by the vendee for only a few weeks, under the circumstances of this case, and the employing of the vendor to sell and peddle them out, the vendee being engaged in the sale of an entirely different kind of goods, did not constitute such " an actual and continued change of possession" as is required by the statute. Where the facts are

undisputed, as in this case, it is the duty of the Court to determine, as a question of law, whether such facts constitute an "actual and continued change of possession," within the statute.

The judgment is reversed, and the cause remanded for further proceedings.

On petition for rehearing, CROCKER, J. delivered the following opinion—COPE, C. J. concurring:

In the petition for a. rehearing it is urged that Sec. 15 of the Act respecting fraudulent conveyances and contracts applies only to sales of goods in the possession of the vendor, and that, as the goods in this case were in the possession of the Sheriff at the time of the transfer from Strauss to the plaintiff, therefore the statute does not apply, and it was not necessary for the plaintiff to maintain an "actual and continued change of possession." It will be noticed, however, that Sec. 15 includes "sales" and "assignments" of goods and chattels—that is, sales made by a vendor of goods in his possession or under his control, and assignments of goods not thus in his possession or control. If the goods were not in Strauss' possession or under his control at the time of his contract with the plaintiff, then the transfer to the plaintiff was an assignment of the goods or the right to their possession, and it comes fully within the statute.

Rehearing denied.