| 81 | 93 |
| 83 | 278 |
| 81 | 93 |
| 102 | 551 |

[No. 13220.   In Bank.—October 10, 1889.]

## BELLE M. MORGAN, RESPONDENT, v. JOHN M. BALL, APPELLANT.

GIFT BY HUSBAND TO WIFE—WANT OF CHANGE OF POSSESSION—USE BY HUSBAND.—When a husband in solvent circumstances gives his wife personal property, which is at once delivered to her, and is thereafter publicly declared to be and used as hers, and the possession whereof is not resumed or continued by the husband as the owner of the property, the mere fact that the husband afterwards uses the property will not render the transfer invalid as to his subsequent creditors, on the ground that it was not accompanied by an immediate delivery, and followed by an actual and continued change of possession.

APPEAL from a judgment of the Superior Court of Butte County.

The facts are stated in the opinion.

*Reardan & Freer,* and *H. V. Reardan,* for Appellant.

The transfer in question was fraudulent and void, under section 3440 of the Civil Code, because not ac-

companied by an immediate delivery, and actual and continued change of possession. (*Dean* v. *Walkenhorst,* 64 Cal. 79; *Parks* v. *Willard,* 1 Tex. 350; *Edrington* v. *Mayfield,* 5 Tex. 365; *Broadshaw* v. *Mayfield,* 18 Tex. 26.)

*John Gale,* for Respondent.

The transfer in question was perfectly valid as against creditors of the husband. (*Morgan* v. *Hecker,* 74 Cal. 540; *Dean* v. *Baily,* 50 Ill. 481; 99 Am. Dec. 533; *Gamber* v. *Gamber,* 18 Pa. St. 366; *Knapp* v. *Smith,* 27 N. Y. 277.)

FOOTE, C.—This action is for the recovery of the possession of certain personal property from the hands of the defendant, or if delivery cannot be had of the property, for its value. The court below gave judgment as prayed for, and from that this appeal is taken.

In a former adjudication by the appellate court, the property concerning which this litigation is now had was declared to be that of the plaintiff, derived by gift from her then husband, W. J. Morgan, and made by him without any fraud as to his existing creditors. (*Morgan* v. *Hecker,* 74 Cal. 540.)

It appears from the findings in the present cause that the property, consisting of a mare, her colt and a buggy, were given to the plaintiff, Belle M. Morgan, then the wife of W. J. Morgan, by him, in good faith, when he was solvent and able to pay his debts, and that at the time of the making of the gift the property was delivered to and accepted by his wife.

. Several years after the gift was so made, delivery and acceptance had, the husband became indebted upon a promissory note to one Daniel McCarthy in the sum of three hundred dollars. After the note became due, on the 3d of May, 1888, it having been transferred to Fred Hecker, he commenced an action to recover what was due upon it. On the day the action was begun, an attachment was issued in aid of it, and on the 3d of May, 1888, was

levied by the sheriff of Butte County, the defendant here, upon the property involved in this discussion.

On the 18th of May, 1886, Belle M. Morgan filed an inventory of her separate property, including the mare and buggy, but not the colt, in acordance with the provisions of sections 165 and 166 of the Civil Code.

About the month of May, 1886, W. J. Morgan, the huspand of the plaintiff, left the state of California, and has never returned. At the time of his departure, and on the 23d of March, 1886, when he became indebted to McCarthy on the note afterwards transferred to Hecker, Morgan was greatly in debt and insolvent.

It is further found that after the sixth day of July, 1883, the day on which Morgan gave and delivered possession of the property to his wife, as set forth heretofore, and until his departure from this state in 1886, he used it jointly with her, with her consent and knowledge, and that his use of it was the same after as before the gift; that there was nothing in the use of the same property by the plaintiff, Belle M. Morgan, which was inconsistent with its ownership by her husband, the donor, or from which the public could determine that the title of the property had passed, by gift or otherwise, to the plaintiff; that the colt was the foal of the mare, and all the expense of its getting and rearing was paid by the husband; that the use of the colt by him after its birth was identical with his use of the mare and buggy, but that at all times after the gift and delivery of posession was made, the husband *represented, claimed,* and *admitted* that the property in question was the separate property of his wife, and whenever it was loaned out to or used by any other person than the wife or her husband, it was loaned out and used by the direction and consent of the wife, and *not* by that of the husband; that during nearly all of the time since the departure of the husband from the state, and from whom it seems at this time the wife is divorced, the property has been the subject of litigation, and in the

hands of the sheriff of Butte County; that during such times as it has not been in the hands of the sheriff, the said plaintiff has had the *exclusive possession and use thereof.*

Upon this state of facts, the appellant contends that the transfer to the plaintiff of the personal property now under consideration was fraudulent and void as against the successor of the husband's creditors, because, as is claimed, such transfer is not shown to have been accompanied by " an immediate delivery, and followed by an actual and continued change of possession of the thing transferred," so as to satisfy the provisions of section 3440 of the Civil Code.

In this connection it is urged that for the wife to be able to maintain her claim she must have complied with sections 165 and 166 of the Civil Code, as otherwise the *use* by her husband of the property in a similar manner after as before the gift would be obnoxious to the provisions of section 3440, *supra.* And as she did not so comply until the creditors' rights had attached, it was of no avail.

Admitting, as the defendant contends, that sections 165 and 166, *supra*, were intended as a means to enable a wife to protect her rights, because of the difficulty resulting from her relations as wife, in showing an immediate delivery and actual and continued change of possession to her from her husband, yet it seems to us that the provisions of section 3440, *supra*, have, in this instance, been fully met.

The property was delivered to her, and she took immediate possession of it, when her husband was solvent and could legally invest her with title; her possession was actual and continuous so far as it could be, considering the relations she bore to her husband. His use of it was the same, so far as he was concerned, as it had always been. Her use was not inconsistent with his ownership, but the use of it by all other persons was

openly as her property. It was proclaimed by her husband that the property was hers, and it seems to have been publicly known and recognized as hers by all who used it. In what other better way could the wife, consistent with her relations as wife, have maintained and had an immediate delivery of possession, followed by an actual and continued change of possession? She did not refuse her husband the use of it, but she did take it into possession at once and continuously keep and use it as hers as to all the world, and it was not in any way used or possessed by her husband, except as subordinate to her dominion, possession, and control. The object of section 3440, *supra*, as contended for by the defendant, is to require an immediate delivery and continued change of possession of personal property after its transfer, in order, as he says, to *give notice to the world that ownership has changed.*

If that is so, then, when a husband in solvent circumstances gives his wife personal property, which is at once delivered to her, and the possession is not resumed or continued by the husband as the owner of the property, but he simply continues to use it as he has hitherto done, and the wife has actual possession, and claims it openly as owner, he declares it as hers, and all their acts show to the public that the property is hers from the date of the gift, she uses it as a wife ordinarily does, and all others use it as hers, acknowledging and owning it as hers, it seems to us that the object of the law is accomplished.

It has been held that it is sufficient if there are circumstances which authorize the inference of a change of ownership. (*Clark* v. *Rush*, 19 Cal. 394.) It cannot be that the circumstance of a mere use by the husband of property given by him to his wife when he is solvent and can legally present her with it, such use being the same after as before making the gift, will make the gift void as to debts contracted by him while so using it, if

a delivery of possession was made immediately to the wife, and that possession has been continuous, and such as is usual when a gift of this sort is made by a husband to a wife; and the acts and declarations of both these parties, and the acts of all other persons who use the property, both *before* and *after* the debt is incurred by the husband, are openly declarative and in acknowledgment of the wife's ownership and control over it, as distinct and changed from her husband to her.

We perceive no prejudicial error, and advise that the judgment be affirmed.

GIBSON, C., and BELCHER, C. C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment is affirmed.