[Civ. No. 1444. Second Appellate District.—June 9, 1914.]

## A. J. W. ROSS et al., Respondents, v. CHARLES R. THOMAS, Constable of Los Angeles Township, County of Los Angeles, et al., Appellants.

SALE—ABSENCE OF DELIVERY AND CHANGE OF POSSESSION—PRESUMPTION OF FRAUD UPON CREDITORS.—Where one having control and possession of personal property transfers the same, the transfer is conclusively presumed to be fraudulent and voidable as against his creditors, unless accompanied by an immediate delivery and followed by actual and continued change of possession of the thing transferred.

ID.—CHANGE OF POSSESSION—WHAT CONSTITUTES.—The change contemplated by section 3440 of the Civil Code must be actual, visible, and apparent, and such as to give to the public evidence of the claim of the new owner.

ID.—WRITING—WHETHER OBVIATES NECESSITY FOR CHANGE OF POSSESSION.—A mere writing, the execution of which is unknown except as between the parties thereto, in the absence of an actual and visible change of possession, will not satisfy the statute.

ID.—TRANSFER OF PERSONALTY BY HUSBAND TO WIFE—WHEN FRAUDULENT AS TO CREDITORS.—Where a man transfers personal property by bill of sale to his wife, but neither of them do anything to acquaint the public with the transaction, and they both continue to perform the same duties and apparently occupy the same relation to the business with which the property is connected, and there is no actual change of possession, the sale is fraudulent and voidable as against the creditors of the husband.

ID.—CONDITIONAL SALES—RETENTION OF TITLE IN SELLER AFTER DELIVERY—VALIDITY.—Conditional contracts of sale of personal property, whereby possession is delivered to the buyer while the title remains in the seller, are recognized by the law.

ID.—WRONGFUL ATTACHMENT—CONVERSION—MEASURE OF DAMAGES.—Where personal property has been sold under a conditional contract reserving title in the seller, an attachment of the property for the debts of the buyer constitutes a conversion as against the seller, and his damages are measured by section 3336 of the Civil Code.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Paul Overton, J. H. Powell, and John W. Luter, for Appellants.

D. A. Jacobs, for Respondents.

SHAW, J.—Action to recover damages for the alleged wrongful attachment of personal property.

Judgment went for plaintiffs, from which defendants, adopting the alternative method in bringing up the record, appeal.

The complaint alleges that at the time of the alleged wrongful acts defendant Thomas was constable of Los Angeles township and his codefendants were his official bondsmen; that W. H. and Sarah A. Stager were husband and wife; that on January 29, 1913, plaintiffs Ross and Sarah A. Stager were the owners of certain personal property situated at No. 253 South Main Street in the city of Los Angeles, consisting, among other things, of a printing press and outfit, a camera and outfit, and a cash register; that Ross was the owner of the title to the property and that Sarah A. Stager was in possession thereof under a certain written contract made between said Ross of the one part and Sarah A. Stager and W. H. Stager of the other part, whereby the former agreed to sell and the latter agreed to buy the property, including that herein specified, for the sum of six thousand five hundred dollars, of which amount Stager and his wife had paid the sum of three thousand two hundred and fifty dollars; that on January 22, 1913, W. H. Stager, in consideration of three hundred dollars, sold and transferred all his interest in the property to his wife, who is now the lawful owner thereof; that on January 29, 1913, defendant Thomas as constable, pursuant to a writ of attachment issued out of the justice's court of Los Angeles township in a certain case wherein W. H. Stager was made defendant, levied upon, took possession of, and removed from 253 South Main Street the printing press, camera, and cash register; that Thomas refused to comply with a demand for its release from attachment; that the value of the property is the sum of four hundred and twenty-five dollars, in addition to which plaintiffs suffered loss to their business by reason of the taking and detention of same in the sum of one thousand dollars. The answer, among other

things, denied the allegation as to ownership of the property; denied that Sarah A. Stager was the owner or holder of a contract for the purchase of the property from Ross, or that she was in possession of the property; denied the sale and transfer thereof as alleged to have been made to Sarah A. Stager by her husband; and as a separate defense, alleged that on January 15, 1913, W. H. Stager, who was then the owner of all the personal property located at 253 South Main Street, including that so levied upon, was indebted in the sum of one hundred and twenty-five dollars to the Los Angeles Gas & Electric Corporation, which demanded payment of said indebtedness, and upon refusal of said Stager to pay the same, instituted suit for the recovery thereof, and on January 29, 1913, procured the levy of an attachment upon the property as alleged in the complaint; that between the 15th and 29th of January W. H. Stager made a pretended sale and transfer of the property for the purpose of defrauding the attaching creditor; "that said property was at the time of said pretended sale and transfer, and continued thereafter, in the possession and under the control of the said W. H. Stager at the time of said levy and attachment so made by" defendant Thomas, and that it never has been in the possession, control, or custody of Sarah A. Stager.

The court found all the allegations of the complaint to be true, and the allegations of the separate defense, other than as to the levy of the attachment, untrue.

Waiving all question as to the competency thereof, it appears from the evidence that on October 25, 1911, plaintiff Ross was the owner of certain personal property in what was known as a penny arcade, conducted at 253 South Main Street, Los Angeles. On said date he executed a conditional contract of sale whereby he sold to W. H. Stager and one F. D. Saffell all of said personal property for the sum of six thousand five hundred dollars, payable four hundred dollars cash and fifty dollars per week, it being provided in said contract that the title to all of the property should remain in Ross until such time as Stager and Saffell had made full payment of the purchase price, and upon the making of which it was agreed that Ross should by bill of sale convey and transfer to them title to the property. Pursuant to this contract Stager and Saffell entered into possession and for sometime

conducted the business, when Saffell sold his interest therein
to Stager.    Sarah A. Stager was not a party to this contract;
neither was any assignment thereof ever at any time made to
her.    She did advance two hundred and eighty-five dollars of
the four hundred dollars cash payment made to Ross, which
sum was evidenced by a promissory note of her husband, due
one day after date, to secure which he, on February 24, 1912,
executed to her a chattel mortgage on the property.    From
the time of the purchase she was engaged as an employee in
the business of which her husband was the head and manager.
On January 22, 1913, Stager gave to his wife a bill of sale
transferring to her all his interest in the property and busi-
ness so acquired by him under the contract from Ross and
the purchase made from Saffell, in payment of the chattel
mortgage and interest thereon; the total of which, as stated
in the bill of sale, was three hundred dollars, and upon the
contract so made with Ross he had received the sum of three
thousand two hundred and fifty dollars on account of the
purchase price of the property.    Included in the contract of
purchase from Ross was the property upon which the attach-
ment was levied.

Where one having control and possession of personal prop-
erty transfers the same, such transfer is conclusively pre-
sumed to be fraudulent and void as against his creditors, un-
less accompanied by an immediate delivery and followed by
actual and continued change of possession of the thing trans-
ferred.  (Civ. Code, sec. 3440.)  It has been repeatedly held
that the change contemplated by the statute must be actual,
visible, and apparent and such as to give to the public evidence
of the claim of the new owner.  A mere writing the execu-
tion of which is unknown, except as between the parties
thereto, in the absence of an actual and visible change, will
not satisfy the statute.  (*George* v. *Pierce,* 123 Cal. 172,
[55 Pac. 775, 56 Pac. 53] ; *MeKee, etc. Co.* v. *Martin,* 126 Cal.
557, [58 Pac. 1044] ; *Guthrie* v. *Carney,* 19 Cal. App. 144,
[124 Pac. 1045].)  There is nothing in the record which in
the slightest degree tends to show that anything was done by
either Stager or his wife to acquaint the public with the fact
that he had transferred the property to her.  On the con-
trary, she testifies that after the execution of the bill of sale
each, in so far as concerned the outward apparent relation to

24 Cal. App.—47

the property, occupied the same relative position thereto as they did prior to the transfer. As between themselves, the prior relation, wherein Stager was owner and his wife employee, was reversed, but nothing was done to disclose such change; each continued to perform the same duties and apparently occupied the same relation to the business. There was no actual change of possession, by reason of which fact Sarah A. Stager, as against the attaching creditor of Stager, acquired no interest in or title to the property, the purported transfer thereof being void. The finding that the transfer to her was not fraudulent and that she was the owner and entitled to possession of the property, is not supported by the evidence.

Conditional contracts of sale of personal property whereby possession thereof is delivered to the purchaser while the title remains in the vendor, have received full recognition in this state. (*Van Allen* v. *Francis*, 123 Cal. 474, [56 Pac. 339]; *Houser etc. Co.* v. *Hargrove*, 129 Cal. 90, [61 Pac. 660]; *Lundy, etc. Co.* v. *White*, 128 Cal. 170, [79 Am. St. Rep. 41, 60 Pac. 759].) By the express terms of the contract the title to the property levied upon, possession of which was delivered to Stager, was retained by Ross, and as to his interest therein, although he had no interest in the business conducted as a penny arcade, the taking of the articles levied upon was as to him a conversion of the property. Section 3336 of the Civil Code, provides:

"The detriment caused by the wrongful conversion of personal property is presumed to be:

"1. The value of the property at the time of the conversion, with the interest from that time, or, where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party; and

"2. A fair compensation for the time and money properly expended in pursuit of the property."

Since Ross had no interest in the profits of the penny arcade conducted by Stager and wife, he could not have suffered any damage by reason of loss to the business due to the taking and detention of the property levied upon. Hence, the finding that he was damaged in the sum of three hundred dollars

due to loss to the business on account of the detention of the property, is not supported by the evidence. As to the interest of Ross the taking of the property was wrongful and he alone is entitled to damages, the measure of which is fixed by section 3336 of the Civil Code.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.