[Civ. No. 3085.   Second Appellate District, Division One.—May 13, 1920.]

## MYRTLE TENNANT, Appellant, v. JOHN C. CLINE et al., Respondents.

[1] SALES — ACTION FOR CONVERSION — DELIVERY OF BILL OF SALE — EFFECT OF CONTINUED POSSESSION.—In an action to recover for the alleged conversion of an automobile claimed to have been improperly seized under attachment process by the defendant sheriff, the jury is properly instructed that if they find that the judgment debtor in the action in which the writ under which the sheriff acted was issued, prior to the time of delivering to plaintiff a bill of sale for the automobile in question, had the use of said automobile, and that thereafter, subsequent to the delivery of said bill of sale, he still continued to have the use and control of said automobile in the same manner and to a like extent, there was no such delivery as the law contemplates as requisite to constitute a valid transfer.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Newmire & Watkins for Appellant.

Joseph Musgrove for Respondents.

JAMES, J.—Appellant brought this action to recover for the alleged conversion of an automobile which is claimed to have been improperly seized under attachment process by defendant Cline as sheriff.

Lucy C. Gentry, in a divorce action against Harry V. Gentry, obtained judgment in April, 1916, for a monthly allowance for the support of herself and minor children and for an additional sum of two thousand dollars, which represented her interest in the community property. The judgment remaining unsatisfied, in February, 1919, Lucy C. Gentry caused the sheriff to levy on the automobile of which the plaintiff here later claimed to be the owner. From the statement of the testimony, as it is set forth in the bill of exceptions, it appears that the plaintiff had been named as the corespondent in the divorce action brought by Lucy C. Gentry against her husband, and that for a long period of time, up to the date when the automobile was taken under the writ, Gentry and this plaintiff lived in a four-room flat and that no other person resided therein; that the automobile in question was used by both of them. The plaintiff testified that she was the owner of the automobile, having purchased it from Gentry in April, 1917, paying him $150 for his interest in the machine; that after she received the bill of sale Gentry continued to use the car with her permission, and that both of them drove it, and that Gentry had the same use of the car after the bill of sale was made as he had before, with the permission of the plaintiff. The testimony of the plaintiff and of other witnesses further showed that in all dealings with respect to the purchase of the car and the payment of the installments on account thereof, and the making of a loan which was obtained when a chattel mortgage (executed by Gentry) was given upon the security of the machine, Gentry acted alone, excepting that one bill for repairs amounting to a considerable sum was paid personally by the plaintiff. There was testimony of the daughter of the Gentrys as to a statement (made subsequent to the alleged making of the bill of sale) by plaintiff wherein the plaintiff affirmed that the automobile belonged

to Gentry. The deputy who served the writ at the time the car was taken possession of by the sheriff testified that he went to the flat occupied by plaintiff and Gentry, and that Gentry went with him to the garage in the rear of the flats and backed the automobile out of the garage to the street and turned it over, saying: ''You won't keep that car long, because it belongs to my father.'' Defendants, in their answer, alleged that the pretended sale of the automobile by Gentry to the plaintiff was fraudulently made without consideration and with intent to prevent Mrs. Gentry from reaching the property by writ of execution. [1] The case as presented to the jury, however, seems to have left to be resolved, not the question whether actual fraud was intended to be committed in the regard mentioned, but whether, under section 3440 of the Civil Code, there had been such a change of possession and control of the automobile as between Gentry and this plaintiff as to transfer title as against Mrs. Gentry, who was a judgment debtor of the transferor. That section requires, in order that an effectual transfer of title of personal property may be had, that there be ''an actual and continued change of possession of the things transferred.'' The trial court instructed the jury generally as to the requirements of the law in the regard noted, and further gave this additional instruction: ''You are further instructed that if you find that H. V. Gentry, prior to the time of delivering to plaintiff, Myrtle Tennant, said bill of sale, dated the fifth day of April, 1917, had the use of said automobile, and that thereafter subsequent to the delivery of said bill of sale, he still continued to have the use and control of said automobile in the same manner and to a like extent, that there is no such delivery as the law contemplates as requisite to constitute a valid transfer.'' It is contended that the court erred in so instructing the jury and it is argued that because of the relation and association between Gentry and the plaintiff, this instruction was not applicable and constituted prejudicial error. We are cited to the case of *Morgan* v. *Ball*, 81 Cal. 93, [15 Am. St. Rep. 34, 5 L. R. A. 579, 22 Pac. 331]. In that case the parties between whom the transfer was alleged to have been made of a mare, colt, and buggy were husband and wife, and the court said that, notwithstanding the husband continued to have the use of the prop-

erty, the wife could maintain her title. The court, however, stated in the opinion that it had been proclaimed by the husband that the property was that of the wife and had been publicly known and recognized as hers by all who used it, the court saying: "She did not refuse her husband the use of it, but she did take it into possession at once and continuously keep and use it as hers as to all the world, and it was not in any way used or possessed by her husband, except as subordinate to her dominion, possession, and control." That decision does, to some extent, bear the intimation, as appellant contends, that where the relationship of husband and wife exists, possession by the husband of the property alleged to have been transferred will not preclude the wife from maintaining her title. However, the later case of *Murphy* v. *Mulgrew*, 102 Cal. 547, [41 Am. St. Rep. 200, 36 Pac. 857], refers to *Morgan* v. *Ball, supra,* and contains the following declaration: "The fact that a vendor and vendee are husband and wife, or parent and child, is no reason why the provisions of the statute should receive a different or more liberal construction. Those conditions give the statute no additional elasticity. The rule of construction is the same in all cases, and the relationship existing between the parties is a matter wholly immaterial." And, moreover, in this case it appears that the parties were not related at all. They occupied the same four-room flat for reasons of their own, and, so far as the evidence shows, did not hold a partnership interest in the particular property alleged to have been converted. It was for the jury to determine from the facts, under the court's instructions, whether there had been such transfer and change of possession of the property as would sustain plaintiff in the cause of action asserted.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.