[Civ. No. 3472. Second Appellate District, Division One.—July 28, 1921.]

## HATTIE F. BLANEY, Appellant, v. JOHN C. CLINE, Sheriff, etc., Respondent.

[1] FRAUDULENT CONVEYANCES—HUSBAND AND WIFE—TRANSFER OF PERSONAL PROPERTY.—A transfer of personal property by a husband to a wife is void as to an attaching creditor of the husband, where not accompanied by an immediate delivery and followed by an actual and continued change of possession.

[2] ID.—RULE OF CONSTRUCTION OF SECTION 3440, CIVIL CODE—RELATIONSHIP OF PARTIES—IMMATERIALITY.—The rule of construction of section 3440 of the Civil Code, relating to fraudulent transfers, is the same in all cases, and the fact that a vendor and vendee are husband and wife is a matter wholly immaterial.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. D. R. Moote, Moote & Patterson and Harold Ide Cruzan for Appellant.

H. L. Sacks for Respondent.

CONREY, P. J.—On the seventeenth day of September, 1918, the defendant, as sheriff of the county of Los Angeles, and acting under a writ of execution upon a judgment against the plaintiff's husband, H. C. Blaney, seized and took into his possession a certain automobile described in the complaint in this action. The plaintiff made in due form a third party claim and demanded that the sheriff return the automobile to her possession. This demand having been refused, she commenced this action. Judgment having been entered in favor of the defendant, the plaintiff appeals therefrom.

The evidence was sufficient to establish the fact that on January 26, 1917, H. C. Blaney purchased the automobile with his own funds. The automobile license was taken out in the name of H. C. Blaney at that time, and the 1918 license also was in his name. On or about the first day of

February, 1917, H. C. Blaney executed and delivered to the plaintiff a bill of sale of the automobile, but it does not appear that this fact was known to anyone except Mr. and Mrs. Blaney and their daughter. The family lived on property owned by the plaintiff, which was homesteaded for the joint benefit of the plaintiff and her husband. She built a garage there, and in that garage the automobile was kept when not in use. Blaney used the automobile in his business after making the bill of sale the same as before. He drove it to his office most of the time, although sometimes it was driven by the plaintiff.

The points alleged in support of the appeal are: First, that the plaintiff, in building a garage on her own separate property and storing the automobile therein, sufficiently took manual possession thereof to set the rest of the world upon notice of her claim of title. Second, that the rule as to what change of possession is sufficient to render a conveyance fraudulent as to creditors, should not be as strictly construed where no credit is given by reason of the conveyance or the possession of the chattels by the judgment debtor, as in cases where credit is secured because of the possession of the chattel by the debtor. No authorities are cited in support of the second proposition, nor are any reasons given in support of the assertion. The plaintiff cannot recover if the transfer of the property to her was "not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred." [1] If not thus transferred, the transfer is deemed to be fraudulent and void against those who are creditors of the transferor while he remains in possession. (Civ. Code, sec. 3440.) Under analogous circumstances of attempted transfer of personal property by a husband to his wife, it was held in *Murphy* v. *Mulgrew*, 102 Cal. 547, [41 Am. St. Rep. 200, 36 Pac. 857], that the transfer was void as against an attaching creditor of the husband. The court there referred to *Morgan* v. *Ball*, 81 Cal. 93, [15 Am. St. Rep. 34, 5 L. R. A. 579, 22 Pac. 331], which is the leading case relied upon by appellant in the present case, and refused to accept that decision as authority sufficient to sustain the plaintiff's demand. [2] Referring to the claim (also asserted here) that where the parties to the transfer are husband and wife, a set of facts may be sufficient to show a

change of possession between them which would not be sufficient under ordinary circumstances, the court in *Murphy* v. *Mulgrew* disposed of this contention as follows: "The fact that a vendor and vendee are husband and wife, or parent and child, is no reason why the provision of the statute should receive a different or more liberal construction. Those conditions give the statute no additional elasticity. The rule of construction is the same in all cases, and the relationship existing between the parties is a matter wholly immaterial." To the same effect, see *Tennant* v. *Cline*, 47 Cal. App. 461, [190 Pac. 1064].

We are satisfied that the evidence is sufficient to support the court's findings.

The judgment is affirmed.

Shaw, J., and James, J., concurred.