[Civ. No. 4703.   Second Appellate District, Division One.—June 3,
1927.]

## ALICE PFUNDER, Respondent, v. FRANK J. GOOD-WIN, Administrator, etc., et al., Appellants.

[1] HUSBAND AND WIFE—EARNINGS OF WIFE—EXECUTIONS—EXEMP-TIONS—WAIVER.—Under section 3268 of the Civil Code, which pro-vides that the benefit of certain provisions of the code may be waived by any party entitled thereto, unless such waiver would be against public policy, a wife can waive the right to the exemption of her earnings from execution for her husband's debts given by section 168 of the Civil Code.

[2] ID.—INVESTMENT IN COMMUNITY PROPERTY.—Where a wife, after receiving her earnings, which are exempt from execution for her husband's debts under section 168 of the Civil Code, allows the money to be invested in community property held and possessed in the name of her husband, she waives its further exemption from execution for her husband's debts under section 3268 of the Civil Code.

[3] ID.—FRAUDULENT CONVEYANCES—DEBTOR AND CREDITOR—TRANSFER OF PERSONAL PROPERTY—LACK OF DELIVERY.—Where a tractor pur-chased by a husband with community funds, part of which were the earnings of the wife which had been deposited in a joint account of the husband and wife, remained in their joint posses-sion after its purchase, a bill of sale thereof from the husband to the wife, made prior to a levy of execution on a judgment against the husband, was void as against creditors, under section 3440 of the Civil Code; and the fact that the bill of sale was recorded is of no importance.

[4] ID.—CHANGE OF POSSESSION—EVIDENCE—PRESUMPTIONS.—In such a case, evidence that the tractor remained at the home of the husband and wife, or in other places where the husband was using it, both before and after the execution of the bill of sale, although thereafter the wife drove the tractor while on the home premises, did not amount to a change of possession, and the transfer from the husband to the wife must be conclusively pre-

1.  Validity of contract stipulation waiving debtor's exemption, note, 47 A. L. R. 300.   See, also, 6 Cal. Jur. 120; 12 Cal. Jur. 345; 25 Cal. Jur. 925; 11 R. C. L. 539, 543.

3.  Transfer from one spouse to other as fraudulent as to cred-itors, notes, 19 Am. St. Rep. 637; 60 Am. St. Rep. 715; 90 Am. St. Rep. 497.   See, also, 12 Cal. Jur. 1000; 12 R. C. L. 563.

sumed to be fraudulent as against creditors and void, under section 3440 of the Civil Code.

[5] ID. — CONTROL OF PERSONAL PROPERTY — DELIVERY. — Where the transferor subsequently to the delivery of a bill of sale of personal property continues to have the use and control thereof, in the same manner and to a like extent as before, there is no such delivery as the law requires to constitute a valid transfer; and section 3440 of the Civil Code, providing that certain transfers of personal property shall be presumed fraudulent and void as to creditors if made by a person having possession and control thereof and not accompanied by immediate delivery and followed by actual and continued change of possession, must be construed in the same manner when the sale is between husband and wife.

---

(1) 30 C. J., p. 867, n. 45.   (2) 31 C. J., p. 115, n. 51.   (3) 27 C. J., p. 593, n. 16.   (4) 27 C. J., p. 581, n. 81.   (5) 27 C. J., p. 577, n. 57.

APPEAL from a judgment of the Superior Court of Riverside County.   G. R. Freeman, Judge.   Reversed.

The facts are stated in the opinion of the court.

C. H. Scharnikow for Appellants.

A. S. Maloney and C. O. Thompson for Respondent.

CONREY, P. J.—The judgment, from which defendants appeal, covers eighty per cent of the value ($500) of a tractor, which was sold by the sheriff in execution of a judgment against the respondent's husband.

It is conceded that the tractor as originally purchased by respondent's husband was community property of the husband and wife.   It was found by the court that said tractor had been purchased under a sales contract, in the name of the husband, and that eighty per cent of said purchase price was paid by the plaintiff with her separate earnings.   Said earnings were deposited in a joint bank account of the plaintiff and her husband, and that account was checked upon in making the payments for the tractor.   The remaining twenty per cent of the purchase price "was paid out of

5.  Change of possession sufficient as against creditors and subsequent purchasers, note, 97 Am. Dec. 340.  See, also, 12 Cal. Jur. 992, 995; 12 R. C. L. 560.

community funds belonging to plaintiff and her husband.''
The court found, also, that until seized by the sheriff the
tractor had remained ''in joint possession'' of the plaintiff
and her husband.

Section 168 of the Civil Code says: ''The earnings of the
wife are not liable for the debts of the husband.'' In this
case the wife had earned certain money by her personal in-
dustry. That money went into the joint bank account, and
was checked out by the husband to pay for the tractor.
How far may funds, thus obtained and invested, be pursued
and defended by the wife as against creditors of the hus-
band who have given him credit in the purchase by him of
community property? Suppose the tractor had been sold
by the husband, and suppose the proceeds had been re-in-
vested in other merchandise, or in real property. May the
wife, at any time thereafter, hold such property as against
creditors of the husband (the seeming owner of the prop-
erty) by proving that the original investment, years before,
was made with funds earned by her?

Reasonable justice would appear to require that there be
some limit to the assertion of such claims, if the ''commu-
nity property'' laws under which we live are to continue in
force.

[1] The wife's right to hold exempt from execution for
her husband's debts moneys classed as ''earnings of the
wife'' is within the class of rights which ''may be waived by
any party entitled thereto, unless such waiver would be
against public policy.'' (Civ. Code, sec. 3268.) [2] Sec-
tion 168 of the Civil Code is a declaration of public policy in
relation to ''the earnings of the wife.'' But it would seem
that such public policy is adequately satisfied when the wife,
having first received such earnings, voluntarily waives fur-
ther right of exemption by allowing the money to be invested
in other community property held and possessed in the name
of her husband. We think that the terms of said section
168, and the practical effect of such further investment of
money with the wife's consent, alike mark the limit of the
exemption. ''Section 168 does not provide that the earnings
of the wife are *her separate property,* but that they are *not
liable for the debts of her husband.* . . . Likewise without
foundation is appellant's contention that, even though the
earnings of a wife be incorporated with the other community

property, a sum equal to the amount of these earnings will always remain exempt from the community creditors." (*Street* v. *Bertolone,* 193 Cal. 751, 754 [226 Pac. 913, 914].)

The views herein stated are in harmony with those expressed long ago by Professor John Norton Pomeroy, who made a careful study of the community property laws. (4 West Coast Reporter, 305 et seq.) See, also, McKay on Community Property, 2d ed., sec. 298.

[3] In addition to respondent's claim that her original interest in the tractor was exempt from levy under the attachment, she further contends that the judgment should be sustained for the reason that, as found by the court, respondent's husband prior to the sheriff's levy upon the tractor had executed to her a bill of sale of said tractor "in consideration of love and affection and ten dollars," and that on the same day the bill of sale was received in the recorder's office of San Bernardino County, California. Appellant, on the other hand, contends that said transfer to the plaintiff was void, under section 3440 of the Civil Code, for want of sufficient delivery and change of possession. On this issue of law we are in agreement with appellant. We do not understand that the recording of the bill of sale is a matter of any importance. Our attention has not been called to any statute providing for the recording of such an instrument, or giving to such recording any legal effect. [4] The judgment creditor of the husband was such creditor while the husband remained in possession of the property, and, therefore, the transfer by the husband to the wife must be conclusively presumed to be fraudulent as against such creditor, and therefore void, unless the transfer by bill of sale was accompanied by immediate delivery and followed by an actual and continued change of possession of the thing transferred (Civ. Code, sec. 3440). The evidence shows without conflict that the tractor remained at the home of respondent and her husband, or in other places where the husband was using it, after the execution of the bill of sale the same as before that event. The only exception to this evidence is found in the testimony of respondent that although the tractor remained on the place she, herself, drove it after that time on said premises. This did not amount to a change of possession. [5] Where the transferor subsequent to the delivery of a bill of sale of personal property,

such as an automobile, continues to have the use and control thereof in the same manner and to a like extent as before, there is no such delivery as the law contemplates as requisite to constitute a valid transfer. (*Tennant* v. *Cline*, 47 Cal. App. 461 [190 Pac. 1065].) The fact that the transferor and transferee were husband and wife furnishes no reason why the provision of the statute should receive a construction different or more liberal than in cases of such transfer between strangers. (*Blaney* v. *Cline*, 53 Cal. App. 686 [200 Pac. 751].)

The judgment is reversed.

Houser, J., concurred.

York, J., dissented.