[Civ. No. 6060.   Third Appellate District.—May 8, 1939.]

FRANCES HEPNER, Appellant, v. RITA HEPNER, Executrix, etc., et al., Respondents.

Louis Feinstein for Appellant.

Joseph Musgrove, Fred O. McGirr and Thomas H. Cannan for Respondents.

TUTTLE, J.—This is an action brought by a creditor to set aside a transfer of stock in trade, upon the ground of

fraud. Findings upon all issues were made in favor of defendants by the trial court, and judgment was rendered for defendants.

Defendant, Rita Hepner, is executrix of the estate of William Hepner, deceased. Plaintiff filed two creditor's claims against said estate, one for $6,380, and the other for $2,640. The first was based upon a promissory note executed by decedent, and the second upon alimony due. The claims were allowed and approved. This action was then brought to set aside a conveyance of a stock in trade which was owned by decedent.

William Hepner and his wife, Rita, were married in 1916. They lived and worked together until Hepner died in February, 1932. He was engaged in the manufacture and sale of wigs, cosmetics and beauty specialties, with stores in New York, Washington, D. C., and Los Angeles. This controversy arose over the transfer of stock in a store conducted on Sunset Boulevard, Los Angeles. For a number of years Hepner's wife (defendant here), had worked with him in the store, and she continued to do so until his death. On October 28, 1929, Hepner executed and delivered to plaintiff the promissory note which is the basis of one of the claims filed against the estate. This note was for $6,380, and should be construed as payable on demand. Prior to May 1, 1930, Hepner was also indebted to plaintiff for accrued alimony in the sum of $2,640 (the basis of the second claim filed against the estate). On the last mentioned date Hepner sold and transferred to his wife the stock of goods and fixtures in said store. The trial court found that there was consideration for this transfer, and this finding has evidentiary support. After the transfer the wife continued to work in the business as she had done for some years prior thereto. There was absolutely no outward indication of any change in the management and possession of the store, as the following testimony of defendant clearly indicates:

"Q. After this business was transferred to you in May, 1930, did you continue to work in the business? A. I did. Q. And was the set-up of the business changed in any way as to the running of the business? A. No."

One of the vital issues in the case was that of change of possession when the transfer was made. The trial court found as follows:

"That it is true that no notice of intention to transfer the said business and assets by William Hepner to his wife, Rita Hepner, was recorded in the office of the County Recorder of Los Angeles County; and in this connection the court further finds that when said transfer was made, the said business and assets, and the possession thereof, were immediately delivered to said Rita Hepner, by said William Hepner, and the said Rita Hepner thereupon actually took possession of the same, and thereafter actually and continuously held possession of the same."

It is the contention of appellant that the evidence is insufficient to sustain the finding, and that the transfer is therefore void under the provisions of section 3440 of the Civil Code, which provides as follows:

"Every transfer of personal property, other than a thing in action, or a ship or cargo at sea or in a foreign port, and every lien thereon, other than a mortgage, when allowed by law, and a contract of bottomry or *respondentia,* is conclusively presumed if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred to be fraudulent, and therefor void, against those who are his creditors while he remains in possession, and the successors in interest of such creditors, and against any person on whom his estate devolves in trust for the benefit of others than himself, and against purchasers or encumbrancers in good faith subsequent to the transfer."

The contention must be upheld. The general rules designed to test the sufficiency of the evidence in a case of this character are laid down in 12 California Jurisprudence, page 996, as follows:

"The delivery must be immediate, actual, visible, apparent and not constructive; possession of the transferee must be continued, and so open and unequivocal as to carry with it the usual marks and indications of ownership. The change of possession must be an open, visible change, manifested by such outward signs as render it evident that the transferor's possession has wholly ceased. No writings pertaining to the transfer, regardless of number or character, can be substituted for actual and continued change of possession. So the indorsement of a stock certificate is not in itself sufficient.

Any change of possession must at least sufficiently change the apparent custody of the property so as to put one dealing with the vendor with respect to it upon inquiry, or which might suggest a change in the ownership.''

The case of *Ross* v. *Thomas,* 24 Cal. App. 734 [142 Pac. 102], is directly in point. It is there said:

''There is nothing in the record which in the slightest degree tends to show that anything was done by either Stager or his wife to acquaint the public with the fact that he had transferred the property to her. On the contrary she testified that after the execution of the bill of sale each, in so far as concerned the outward apparent relation to the property, occupied the same relative position thereto as they did prior to the transfer. As between themselves, the prior relation, wherein Stager was owner and his wife employee, was reversed, but nothing was done to disclose such change; each continued to perform the same duties and apparently occupied the same relation to the business. There was no actual change of possession, by reason of which fact Sarah A. Stager, as against the attaching creditor of Stager, acquired no interest in, or title to the property, the purported transfer thereof being void. The finding that the transfer to her was not fraudulent and that she was the owner and entitled to possession of the property, is not supported by the evidence.''

We are of the opinion that the undisputed evidence here shows that the transfer was void under the provisions of the code mentioned above.

It is contended by respondents that there was a consideration for the transfer; hence, it is valid. The question of good faith and adequate consideration is wholly immaterial, and are no defense where the case comes under the provisions of the code section mentioned. (12 Cal. Jur., p. 995.)

At the trial the complaint was amended to bring the case under the Bulk Sales Law (sec. 3440, Civ. Code), by alleging that no notice of the sale and transfer was recorded at least seven days prior to such sale and transfer. The court found that no such notice had been recorded, but held that plaintiff was barred by her laches from the advantage of this portion of the section. We do not deem it necessary to dis-

cuss this cause of action, as the case must be reversed upon other grounds.

It is also contended that the action is barred by the three-year limitation relating to fraud. (Subd. 4, sec. 338, Code Civ. Proc.) The complaint was filed within three years from the transfer. The amendment relating to the Bulk Sales Law was made at the trial after three years had expired. If this opinion were predicated upon the latter law, there might be some force to the contention. But the ground of fraud which we are considering was contained in the original complaint which was filed within the statutory time. The contention is without merit.

The record presents a clear case of fraudulent transfer under the provisions of section 3440 of the Civil Code, and a reading of the entire record convinces us that plaintiff was unlawfully deprived of her right to resort to the property transferred in satisfaction of a claim which the court found was justly due her.

The judgment is reversed, with directions to the trial court to enter findings and judgment in conformity herewith.

Moncur, J., *pro tem.*, and Pullen, P. J., concurred.