[Civ. No. 18281. Second Dist., Div. Three. Sept. 18, 1951.]

SOUTHERN CALIFORNIA COLLECTION COMPANY INC. OF LOS ANGELES (a Corporation), Appellant, v. SADEK H. NAPKIE, Defendant; MELODY FARMS DAIRY PRODUCTS COMPANY (a Corporation), Respondent.

Stephens, Jones & La Fever and Louis Lee Abbott for Appellant.

Donald A. Rosen for Respondent.

VALLÉE, J.—Appeal by plaintiff from a judgment for the third party claimant in a proceeding to determine title to an automobile.

On August 2, 1950, the marshal of the Municipal Court of Los Angeles levied on the automobile as the property of Sadek H. Napkie, pursuant to a writ of execution in this action. The sole question is whether an alleged transfer of the automobile from Sadek H. Napkie to respondent Melody Farms Dairy Products Company (referred to as claimant) was accompanied by an immediate delivery and followed by an actual and continued change of possession.

On May 2, 1950, claimant, through its president, Shimon, purchased the automobile from Napkie by paying a loan which a bank "had on the car," and received the "pink slip." Napkie handed the keys of the automobile to Shimon. Apparently Shimon immediately handed them back to Napkie, as will appear from his testimony. On May 16, 1950, at the request of claimant, the Department of Motor Vehicles issued a certificate of ownership showing legal title to the automobile in claimant. Napkie had been and was at the time of the alleged transfer an employee of claimant and had been using the automobile in claimant's business.

Shimon testified with respect to what was done at the time

of and after the alleged transfer, as follows: "Q. What was done with the automobile that night? A. He has been using it all the time. Q. Mr. Napkie has been using this car ever since? A. Ever since I bought it; and I let him use it. . . . Q. . . . Am I to understand your testimony to be that Mr. Napkie has been continuously in possession of this car from the first day of May, 1950, until the second day of August, 1950? A. He has been using the car for the purpose of Melody Farms as long as he has been working for us. Q. Does he take the car home at night? A. Yes, sir. Q. Does he take it home on week ends? A. Yes, sir. Q. Does he use it for pleasure? A. That I don't know, what he uses it for. It is for his use. Q. He is free to use the car for any purpose he sees fit? A. Yes, sir."

Napkie testified that: he kept the automobile in his garage at his home the night of the alleged transfer and that he used it from May 2d, the day of the levy, for pleasure "all the time"; he did not ask Shimon for permission to use it for pleasure; Shimon knew he was keeping it in his (Napkie's) garage and using it for pleasure; Shimon did not at any time tell him he could not use it for his "own purposes."

There was no other evidence with respect to delivery of the automobile or change of possession. There was no evidence that claimant took possession of the automobile itself.

Civil Code, section 3440, provides: "Every transfer of personal property . . . is conclusively presumed if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent, and therefore void, against those who are his creditors while he remains in possession. . . ."

There is no conflict in the evidence and no conflicting inferences can be drawn therefrom. ■ Where there is no conflict in the evidence and no conflicting inferences which can be drawn therefrom on an issue, the finding of the trial court on that issue amounts to a conclusion of law, and the finding is not binding on a reviewing court. (*Export Leaf Tobacco Co.* v. *County of Los Angeles*, 89 Cal.App.2d 909, 916 [202 P.2d 622].) ■ "Where the facts are undisputed, as in this case, it is the duty of the Court to determine, as a question of law, whether such facts constitute an 'actual and continued change of possession,' within the statute." (*Weil* v. *Paul*, 22 Cal. 492, 495-496.)

Section 3440 applies to the transfer of a motor vehicle. (*Washington Lumber Etc. Co.* v. *McGuire,* 213 Cal. 13, 16-19 [1 P.2d 437].) The rules for testing the sufficiency of the evidence on a claim of this character are stated in *Hepner* v. *Hepner,* 32 Cal.App.2d 582, 584 [90 P.2d 321], where the court quoted with approval from 12 California Jurisprudence, 996, as follows: " 'The delivery must be immediate, actual, visible, apparent and not constructive; possession of the transferee must be continued, and so open and unequivocal as to carry with it the usual marks and indications of ownership. The change of possession must be an open, visible change, manifested by such outward signs as render it evident that the transferor's possession has wholly ceased. No writings pertaining to the transfer, regardless of number or character, can be substituted for actual and continued change of possession. So the indorsement of a stock certificate is not in itself sufficient. Any change of possession must at least sufficiently change the apparent custody of the property so as to put one dealing with the vendor with respect to it upon inquiry, or which might suggest a change in the ownership.' " The transferee's conduct in relation to the property must be such as to give notice to the public that a change in the ownership and possession has taken place. (*McKee Stair Bldg. Co.* v. *Martin,* 126 Cal. 557, 559 [58 P. 1044].)

"Where the transferor subsequent to the delivery of a bill of sale of personal property, such as an automobile, continues to have the use and control thereof in the same manner and to a like extent as before, there is no such delivery as the law contemplates as requisite to constitute a valid transfer. (*Tennant* v. *Cline,* 47 Cal.App. 461 [190 P. 1065].) The fact that the transferor and transferee were husband and wife furnishes no reason why the provision of the statute should receive a construction different or more liberal than in cases of such transfer between strangers. (*Blaney* v. *Cline,* 53 Cal.App. 686 [200 P. 751].) " (*Pfunder* v. *Goodwin,* 83 Cal.App. 551, 554-5 [257 P. 119].) So it may be said here the fact that the transferor and transferee were employee and employer furnishes no reason why the statute should receive a more liberal construction than in cases of such transfers between strangers.

The question of good faith and adequate consideration for a transfer is wholly immaterial and is no defense where the facts bring the case within section 3440 of the Civil Code

and there has been no immediate and continued change of possession. (*Hepner* v. *Hepner*, 32 Cal.App.2d 582, 585 [90 P.2d 321].)

The delivery of the keys to the automobile to claimant is of no significance. They were immediately returned to Napkie. Symbolic delivery is sufficient only where the character and situation of the property delivered are such that actual physical delivery cannot be had. Symbolic delivery is insufficient whenever the nature of the property and the situation of the parties are such as to render it practicable, as was the case here, to make actual delivery. (*Guthrie* v. *Carney*, 19 Cal.App. 144, 150 [124 P. 1045].)

It has never been held in this state that an actual change of possession has taken place where the transferor, after the transfer, continues to exercise the same control and dominion over the property as before, and has done nothing to indicate any intention of passing that control and possession from himself to his transferee. The purchaser must have that possession which places him in the relation to the property which owners usually are to the like kind of property. The statute requires that the transferee shall immediately take and continuously hold the possession of the property purchased, in the manner and accompanied with such plain and unmistakable acts of possession, control, and ownership, as a prudent, bona fide purchaser would in the exercise of his rights over the property, so that all persons might have notice that he owned and had possession of the property.

Testing the undisputed evidence by the rules stated, we are satisfied it fails to show that the automobile ever passed from the possession of Napkie to that of claimant. It is difficult to see how there could have been any further or more certain retention by the transferor. We think it apparent that the transfer was void under the provisions of section 3440.

Claimant urges that it purchased in good faith. So assuming, the hardship of a particular case furnishes no reason for disregarding the statute which makes the validity of the transfer dependent upon immediate delivery followed by actual and continued change of possession.

Claimant argues that even if the transfer was void under section 3440, the judgment must be affirmed because, so it is said, appellant was only entitled to levy on the actual interest which Napkie, the judgment debtor, had in the automobile at the time of the levy, and that such interest was only $6.88. At the time of the transfer Napkie received from

claimant a cashier's check for $593.12, payable to the bank which had the loan on the automobile, and $6.88 in cash. He gave the cashier's check to the bank and retained the $6.88. Shimon testified that the value of the automobile was $600. The argument is that the interest Napkie had in the automobile was $6.88 and that the maxim *de minimis* applies. The contention is untenable. ██ Appellant is entitled to levy upon and sell whatever title and interest Napkie has in the automobile. That title and interest cannot now be determined. Neither can the amount which will be received for the automobile on execution sale be determined at this time. The sole question here is whether ownership is in claimant or Napkie, or, in other words, whether the latter has an interest subject to sale under execution. ██ Further, the maxim *de minimis* does not apply where the judgment will carry costs and a question of right is involved. (*Ballin* v. *Los Angeles County Fair,* 43 Cal.App.2d Supp. 884, 887 [111 P.2d 753].) ██ In a proceeding under section 689 of the Code of Civil Procedure to determine a third party's claim to property seized on execution, the judgment carries costs as a matter of course. (*Exchange Nat. Bank* v. *Ransom,* 52 Cal.App.2d 544, 546 [126 P.2d 620].)

Reversed.

Shinn, P. J., and Wood (Parker), J., concurred.