[Civ. No. 29181.   Second Dist., Div. Four.   Dec. 14, 1966.]

DOT RECORDS, INC., Plaintiff and Appellant, v. DOROTHY FREEMAN, Defendant and Respondent; MAXINE BRYANT et al., Third Party Claimants and Respondents.

Richard E. Hodge, Hoyt Klinck, H. Walter Croskey and Keith Williams for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Simon Taub and Edward M. Lazarus for Third Party Claimants and Respondents.

BISHOP, J. pro tem.*—The plaintiff has appealed from the order, in this third party claim proceeding, which adjudicated that the Cadillac attached in the main action belonged to the third party claimants and not to the defendant. The defendant was the owner and in possession in November 1963, when she transferred title to the two claimants. Plaintiff contends that the transfer was without effect as to its attachment because it was one in semblance only, and also because it must be con-

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

clusively presumed fraudulent because of noncompliance with the requirements of section 3440, Civil Code.[1] We are convinced that the transfer was void because it appears that the requirements of this section had not been met, and for that reason we are reversing the order.

Evidence was taken at the trial and we, here on appeal, are not questioning that the trial court was warranted in concluding that there was consideration for the transfer of the Cadillac to the third party claimants and that it was not a make-believe deal. ■ However, as stated in *Southern California Collection Co.* v. *Napkie* (1951) 106 Cal.App.2d 565, 570 [235 P.2d 434, 437], "The question of good faith and adequate consideration for a transfer is wholly immaterial and is no defense where the facts bring the case within section 3440 of the Civil Code and there has been no immediate and continued change of possession." *Hepner* v. *Hepner* (1939) 32 Cal.App. 2d 582, 585 [90 P.2d 321, 322] was cited in support of the passage quoted. This, like the *Napkie* case which cites it, is a case where the conclusion that the transferee should prevail was reversed because it appeared that the transfer was not followed by an immediate and continued change of possession.

Another similarity between the *Napkie* case and ours is that it also was an "appeal by plaintiff from a judgment for the third party claimant in a proceeding to determine title to an automobile." ■ Also, it was there said, as it may be said of this evidence respecting the *change of possession* in our case: "There is no conflict in the evidence and no conflicting inferences can be drawn therefrom. Where there is no conflict in the evidence and no conflicting inferences which can be drawn therefrom on an issue, the finding . . . is not binding on a reviewing court. [Citation.] ■ 'Where the facts are undisputed, as in this case, it is the duty of the Court to determine, as a question of law, whether such facts constitute an "actual and continued change of possession," within the statute.' (*Weil* v. *Paul,* 22 Cal. 492, 495-496.)"

As our story begins to unfold, the Cadillac was owned and possessed by the defendant. She was not only operating a business but a home, and in her home was a small child who

---

[1]Section 3440, Civil Code, provides, in part: "Every transfer of personal property . . . made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery followed by an actual and continued change of possession of the thing transferred, is conclusively presumed fraudulent and void as against the transferor's creditors while he remains in possession."

needed more attention than she was free to bestow. She persuaded her sister and her sister's husband to give up their home in Kentucky, to come live with her. The sister came out first in June of 1963, and became defendant's housekeeper, buying the groceries and taking care of the child. In August the husband drove out, and began to work for the defendant.

During this period from June on the sister drove the Cadillac to market and elsewhere. Defendant drove it also, but always had at least one other car at her disposal, sometimes three others. In November the defendant and her sister drove to the Motor Vehicle Department and, it being the sister's birthday, title to the Cadillac was put in the name of the sister and her husband. Both defendant and her sister continued to drive the Cadillac, as well as the other cars available. The evidence shows no change in the Cadillac's life from that it had before November that would measure up to the test given in this quotation from a quotation in *Southern California Collection Co.* v. *Napkie, supra,* 106 Cal.App.2d 565, 570 [235 P.2d 437] : " 'The delivery must be immediate, actual, visible, apparent and not constructive; . . . The change of possession must be an open, visible change, manifested by such outward signs as render it evident that the transferor's possession has wholly ceased. . . . Any change of possession must at least sufficiently change the apparent custody of the property so as to put one dealing with the vendor with respect to it upon inquiry.' . . .'' The court continues, after the quotation: ''The transferee's conduct in relation to the property must be such as to give notice to the public that a change in the ownership and possession has taken place. [Citation.]''

Soon the placid days in the home of the Cadillac were ended. Defendant's business went on the rocks and she lost custody of the child she had had. In February of 1964 the sister returned to Kentucky without her Cadillac—that was to follow as soon as she could send for it—but in March, or thereabouts, the defendant drove it to Santa Clara and while it was there it was attached by plaintiff, a corporation that during this entire period was defendant's creditor. Then it was that sister and brother-in-law became third party claimants.

As third party claimants they had the burden of proof. (Code Civ. Proc., §§ 549, 689.) This their counsel realized, for at the third party hearing he took the laboring oar. Had it not appeared, as it did beyond a doubt, that

the plaintiff was a creditor of the transferor, a prima facie case for the third party claimants would have been made out. But plaintiff was a creditor and so, as to it, we remind ourselves, section 3440 says that, unless the transfer was accompanied by an immediate delivery and was followed by an actual and continued change of possession, as to the creditor there was no transfer. ██ One who would rely upon obtaining title as against a creditor has an affirmative to prove; that is, that delivery was immediate and the new possession continued. The burden of proving these facts rests on the third party claimants. (Code Civ. Proc., § 1981.) They failed to prove them.

*Getz* v. *Whisenant* (1949) 93 Cal.App.2d 182 [208 P.2d 708, 709] raises no doubt about the correctness of our conclusion. True, it stated, in a third party claim hearing, that the "claimants introduced in evidence the ownership certificate and the registration card which stated the claimants were the legal and registered owner of the automobile. This made a prima facie case for claimants." From the discussion which follows it is plain that the delivery or change of possession, as required by section 3440 was not involved in that case at all. The transfer there involved was one from the third party claimants to the defendant, who took the key and drove the car away, but did not, for other reasons, thereby acquire title from the third parties.

Nor do we find a hurdle to be overcome in *Shepherd* v. *Gamble* (1950) 95 Cal.App.2d 890 [214 P.2d 403], relied upon by respondent. True, the avowed object of defendant's trip via Cadillac to Santa Cruz was to enable the sister to obtain possession of the car in Kentucky, to which she had returned. We feel no need of elaborating our conclusion that this case is not one governed by the rule that "Where a movable is bulky and not readily transferable by manual delivery the rule of (section 3440) is relaxed by reason of the impracticability of actual delivery by ordinary means and methods." ██ Certainly, even if it was impractical for the third party claimant to take possession immediately after she decided to return to Kentucky, in February 1964, that cannot be used as an explanation of her failure to comply with section 3440 in between November and March.

Claimants argue that their exhibit "5," by reason of the fact that the Cadillac was not expressly mentioned therein, constituted an acceptance by plaintiff of the transfer of the automobile to them. We are not impressed. As-

suming that that exhibit was properly before the trial court and before us,[2] an examination thereof discloses that it does not identify specifically any of the "lands, goods, chattels" or other things that it covers. The failure to single out the Cadillac for specific mention is, therefore, of no significance. The whole argument touching on this exhibit depends on too many unsubstantiated inferences (more accurately "guesses") to be persuasive.

The order is reversed.

Jefferson, Acting P. J., and Kingsley, J.

---

[2]As we read the record, the exhibit was introduced during the closing minutes of the trial, but was soon thereafter withdrawn by stipulation. We secured a copy of it from the clerk's office of the superior court but, under these circumstances, hesitate to treat it as part of the appellate record before us. In any event, it would make no difference in our decision.