## HUDSON v. HUDSON.

(Circuit Court of Appeals, Fifth Circuit. November 19, 1921.)

No. 3734.

1. **Husband and wife ⟺49½ (6)—Gift to wife not invalidated by subsequent joint use of property.**

A gift by a husband to his wife where there is evidence of delivery is not rendered ineffective by the fact that during the marriage the property was jointly used.

2. **Appeal and error ⟺204 (1)—Admission of evidence not objected to not ground of reversal.**

A judgment for conversion is not subject to reversal because some of the evidence as to value was subject to an objection which was not made.

In Error to the District Court of the United States for the Eastern District of Texas; James Clifton Wilson, Judge.

Action at law by Mrs. Anna Bell Hudson against D. C. Hudson. Judgment for plaintiff, and defendant brings error. Affirmed.

John J. King, of Texarkana, Tex. (J. Q. Mahaffey and J. I. Wheeler, both of Texarkana, Tex., on the brief), for plaintiff in error.

C. A. Wheeler and S. I. Robison, both of Texarkana, Tex., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. After the defendant in error (herein referred to as the plaintiff) separated from the plaintiff in error (hereafter referred to as the defendant), about two months after their marriage, the former brought this suit to recover damages for the alleged conversion by the latter of described personal property, including an automobile, a piano, household furniture, and china and silverware, which it was alleged the defendant gave and delivered to the plaintiff as her separate property prior to and during the time they were living together as husband and wife. There was judg-

ment on a verdict in favor of the plaintiff assessing damages for the conversion of the above-mentioned articles.

Evidence in behalf of the plaintiff was to the following effect: About a month or six weeks before the marriage the defendant told the plaintiff that he was going to give her a car and asked her what kind she wanted, and she told him a Chandler. He bought a Chandler car, and brought it to the plaintiff's home, saying to·her at that time that he was giving it to her as a present. From that time until the day of the marriage the car was kept in a garage at the residence of the plaintiff's father, where she lived, and was used by her. Several weeks prior to the marriage, after the defendant had mentioned to the plaintiff that 'he had children by a former wife, and that he was going to give her furniture so that it could not be taken from her in case of his death, they went together to a furniture store, and the plaintiff selected the furniture, the defendant on that occasion telling her to go ahead and get what she wanted. After the furniture so bought was delivered prior to the marriage at the residence the defendant had provided, the plaintiff went there and superintended the placing and arranging. of the furniture. The day after the marriage the defendant told the plaintiff that he had bought her a piano for a wedding present, and that, if the one he had bought did not suit her, she could exchange it for another, and the plaintiff selected another piano of the same make, but having a different polish, and the one chosen by the plaintiff was delivered at the place of residence of herself and the defendant. The china and silverware were selected by the plaintiff before the marriage in pursuance of defendant's statement to her that he·wanted her to go and get it, to get just what she wanted; that it was hers and for her use. While the plaintiff and defendant lived together as husband and wife the articles mentioned were kept at their place of residence, the husband and wife sharing in the use made of the automobile, the furniture, and the china and silverware. When the plaintiff left she took some of the silverware with her. Thereafter the defendant refused to allow her to take the other articles. There was evidence in conflict with material parts of that above summarized.

[1] The defendant excepted to the court's refusal to give the following requested written instruction:

"In this case, before the jury would be authorized to find any verdict for the conversion by the defendant of any of the property described in the plaintiff's petition, they must find that the plaintiff has proved by a preponderance of the evidence, not only that the defendant by words said he gave her the property, but in addition to this that the defendant delivered into the actual and exclusive possession of the plaintiff the property which she alleges he gave her, and unless the plaintiff has so proven by a preponderance of the evidence you will find for defendant."

In its oral charge the court instructed the jury to the effect that in order for such a gift as was claimed to be valid and binding upon the defendant it was necessary that the property be conveyed by a delivery of the actual control and possession of it, and that the fact that there was a joint use of the property by the husband and wife is not conclusive that there was no such gift.

We do not think that the above-mentioned rulings were erroneous. The delivery which is required to consummate a gift may consist in the donor authorizing and enabling the donee presently to take as owner, with the result that the donee acquires such dominion and control as owner as reasonably might be expected in view of the circumstances of the transaction and of the relations existing between the parties to it. If the donor's conduct and declarations show that dominion and control as owner were conferred on the donee, the fact that the donor thereafter shared in the use made of the thing does not keep the transaction from being effective as a gift, where the relations of the parties are such that their joint or common use of the thing is consistent with the donee being the owner of it. Where the transaction is one between husband and wife the required delivery need not involve the exclusion, while the parties live together as husband and wife, of the donor from participation in the use and possession of the subject of the gift. Blake v. Jones, Bailey, Eq. (S. C.) 141, 21 Am. Dec. 530; Morgan v. Ball, 81 Cal. 93, 22 Pac. 331, 5 L. R. A. 579. 15 Am. St. Rep. 34; 12 R. C. L. 936, 937. It is not uncommon, after a gift has been made, for the donor to share in the use or enjoyment of the thing given.

[2] As to some of the articles alleged to have been converted it is contended that there was no proper evidence of their value at the time of the alleged conversion. Evidence as to the prices paid by the defendant for the several articles a short time before the date of the alleged conversion was admitted without objection. In no way did the defendant invoke a ruling of the court on the question of the presence or absence of evidence upon which to base findings as to the value of the articles. No objection or exception was made to the action of the court in instructing the jury to find the reasonable and fair value of the property in the event of their finding that it was converted by the defendant as alleged. In the situation disclosed by the record the judgment is not subject to be reversed on the ground that some of the evidence as to value was subject to an objection which was not made.

The record does not show any reversible error.

The judgment is affirmed.